Esther PLOUSE, Plaintiff,

v.

Elliott RICHARDSON, Secretary, Department of Health, Education and Welfare, Defendant.

Civ. A. No. 70-760.

United States District Court,
W. D. Pennsylvania.

Dec. 21, 1971.

Myers, Taylor & Peduzzi, Ebensburg, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This Complaint has been filed to obtain review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C. A. § 405(g). The immediate matter before the Court is defendant's Motion for Summary Judgment.

█ █ The decision of the Secretary must be affirmed if substantial evidence exists to support the denial of disability benefits. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Substantial evidence exists whenever there is relevant evidence which a reasonable mind can accept as adequately supporting a particular conclusion. Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). See also Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). It is the considered judgment of this Court that substantial evidence to support the determination of the Secretary is not present and thus the defendant's Motion for Summary Judgment should be denied. In reaching this conclusion the Court has of course examined the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958).

The record reveals that plaintiff's formal education terminated at the eleventh grade level and that an additional year of study was completed in a business college. Plaintiff began working at age sixteen and has held various jobs, including work in a five-and-ten store, payroll clerk, worker in a steel mill chemical department, and as a bank employee. As a bank employee, she worked first as a bookkeeper and ultimately became an officer of the bank in the capacity of assistant cashier. Plaintiff also supplemented her bank salary by part time work in a dress shop in the evenings and during holiday seasons. Mrs. Plouse's work history indicates an industrious individual who has worked commendably until the frequency of her medical conditions prevented her from continuing in her job. Thus, plaintiff has not worked except on a trial basis since May 6, 1968.

█ █ A review of the total record and evidence in this case reveals, not unexpectedly, a conflict in the degree of severity of plaintiff's illnesses and diseases. What does clearly emerge, however, is that plaintiff does have a condition known as tachycardia which is paroxysmal in nature. This condition may be explained as excessive rapidity in the action of the heart which recurs suddenly.[1] For this condition plaintiff

1. W. A. Dorland, The American Medical Dictionary, 22d Edition.

has been taking various medications including digitalis, quinidine, and isodril. These drugs have not been altogether effective in controlling the condition, according to the medical reports of the prescribing doctor, Dr. Rosch. In addition, examinations conducted at government expense show the plaintiff as a labile personality, whose complaints may be of non-organic or psychosomatic origin related to chronic anxiety. In one such report Dr. Samuel M. Bradley, M. D., states, "certainly her (Mrs. Plouse's) work capabilities are diminished by her emotional illness . . ." Regardless of their origin, plaintiff's medical problems are no less real to her. And a review of the record convinces this Court that the Appeals Council and hearing examiner have failed to credit the subjective complaints of plaintiff. Subjective symptoms clearly afford a basis for awarding Social Security benefits every bit as much as objective symptoms. Bittel v. Richardson, 441 F.2d 1193 (3d Cir. 1971). Certainly there is more than ample evidence of the severe pain suffered by plaintiff as a result of this condition. Plaintiff has endured numerous episodes of dizziness, weakness, and unconsciousness, as well as experiences with her heart. This alone would warrant reversal of the defendant's decision denying plaintiff benefits. And, as in *Bittel,* plaintiff has complained of several impairments including chronic otitis media with recurrent Meniere's Syndrome and anginal pains with diaphoresis. These have been medically documented in plaintiff's case.

■ It is well to note that this Court has no power to consider the instant action de novo, but as noted above must be satisfied that there is substantial evidence to support the decision of the Secretary. Besides not crediting plaintiff's subjective complaints, the defendant's final decision also does not properly apply the evidence as developed in the record. This failure relates specifically to the testimony of the vocational expert, Dr.

Stouffer, who, when asked to supply suggestions of suitable jobs which Mrs. Plouse might be capable of performing, said:

"Vocational: Well, on the basis of her testimony as a whole, I would say that I would feel unable to suggest any job which I thought she could perform.

Examiner: Why do you say that?

Vocational: Well, because of the limitations which she places upon her activities in terms of frequent rest periods, in my opinion. If I am listening to the testimony, this could be as often as once or twice during the hour."

It is clear from this testimony that plaintiff is not suited for any employment, even sedentary in nature. The hearing examiner, however, chose to dispose of such testimony as reflecting only "self imposed restrictions." Only upon assuming that no rest periods were necessary did the vocational expert feel that plaintiff could perform work of a sedentary nature, and then only in those work situations free of stress, production pressure, or public contact positions. In view of plaintiff's medical history of heart disorder, there is no warrant for assuming away a significant part of the testimony. Thus Mrs. Plouse has established an impairment which requires frequent rest periods which in turn, in the opinion of the vocational expert, preclude her from engaging in any form of employment. Defendant has not met his burden of showing plaintiff's ability to engage in any substantial gainful activity as required by the Social Security Act once a disabling impairment has been established. Bujnovsky v. Celebrezze, 343 F.2d 868 (3d Cir. 1965).

■ Based on the foregoing, it is the considered judgment of this Court that defendant's Motion for Summary Judgment should be denied and the decision denying disability benefits reversed. Although plaintiff has not submitted a cross motion therefor, the great weight

of authority favors granting summary judgment to the non-moving party in a proper case. 6 Moore's Federal Practice § 56.12. This is such a case.

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.