**George MARUNICH, Plaintiff,**

**v.**

**Elliott RICHARDSON, Secretary of the United States Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 70–1375.**

United States District Court,
W. D. Pennsylvania.

Dec. 30, 1971.

3. See also Washington v. Clemmer et al., 119 U.S.App.D.C. 216, 339 F.2d 715 (1964); Brown v. Fauntleroy, 143 U.S. App.D.C. 116, 442 F.2d 838 (1971).

Kuhn, Engle & Blair, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge:

This Complaint has been filed to obtain review of a final decision of the Secretary of Health, Education and Welfare denying plaintiff disability benefits under the Social Security Act, 42 U.S.C. A. § 405(g). The immediate matter before the Court is defendant's Motion for Summary Judgment.

The decision of the Secretary must be affirmed if substantial evidence exists to support the denial of disability benefits. Gentile v. Finch, 423 F.2d 244 (3d Cir. 1970). Substantial evidence exists whenever there is relevant evidence which a reasonable mind can accept as adequately supporting a particular conclusion. Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966). See also Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). It is the considered judgment of this Court that substantial evidence to support the determination of the Secretary is not present and thus the defendant's Motion for Summary Judgment should be denied. In reaching this conclusion the Court has of course examined the record as a whole. Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958).

The record reveals that plaintiff's formal education terminated at the eighth grade level and that upon leaving school he began to work in coal mining jobs. Plaintiff held various jobs including loader, roof bolter, driller, motorman, and continuous miner operator. Plaintiff worked a total of thirty years until February 15, 1967 when he was discharged for excessive absenteeism due to silicosis. Thereafter plaintiff traveled to Florida and Louisiana hoping that a warmer climate would alleviate his lung condition. While in Louisiana, plaintiff worked briefly as a welder, but he had to terminate this employment in April, 1968. Plaintiff has not been able to engage in any work since this time.

The evidence in the record establishes that plaintiff has developed several distinct medical disabilities, including silicosis, emphysema and pulmonary fibrosis. In addition, plaintiff has been required to undergo surgical removal of

ruptured spinal discs. It is clear from the record that almost any kind of activity causes plaintiff severe breathing difficulties and distress. There is evidence that the minimal exertion of sitting at the hearing before the Social Security Administration hearing examiner caused such distress and, moreover, this Court, from personal observation during the hearing before this Court, observed plaintiff to be a most restless and distressed individual.

■ The Court is aware that its function is not to review the record *de novo*. However, it appears that the hearing examiner has not properly credited the testimony of plaintiff regarding complaints of pain which arise from walking even short distances. This pain is a byproduct of a combination of the medical conditions with which plaintiff is afflicted. These conditions have been medically documented, but such severe pain, even if unaccompanied by medical documentation would be sufficient to establish a disability based on subjective symptoms. Bittel v. Richardson, 441 F. 2d 1193 (3d Cir. 1971). Although such pain is sufficient to establish plaintiff's disability in the view of this Court, there is another basis which on this record warrants the finding that the decision of the Secretary is not supported by substantial evidence. During the course of the hearing, the examiner made the following statement:

"But on the other hand, I have to make the decision based on the evidence before me and I could also say very frankly that if there were evidence, for example, that you had tried to work after '68 and that you were able to work one or two or three days a week and every other week you were applying to get off and the employer then came in with a letter saying this man's absentee record is terrible. Every Monday and Thursday he is out and it was a light job not a job in the mines, not a job at the shipyard. I think the evidence would be clear that this man has tried. The evidence is there that he cannot do it. And therefore I'd think that he is entitled. But now I don't have that evidence. Therefore, I have to make the decision on what is before me and part of what is before me is that you say that you are unable to work, but I don't have the demonstrated proof that you attempted to do something light. Without question you are unable to do work that would bother your lungs. These two facts are admitted and obviously I am not the only one that has found this. Workmen's Comp. has found this. The issue now is are you able to do the kinds of light work that Mr. Cleeton thinks you are able to do and, if the evidence shows that you had tried to do it and that you were absent, could not do it, even though Mr. Cleeton said that you could do it, I frankly would say Mr. Cleeton what you are saying does not make sense here. Here he's done it. He could not do it. We know that he could not do it. Right now I have to guess at it. This is the problem in the case. Mr. Cleeton's guess is that if you tried it you could do it."

■ The examiner apparently concluded that plaintiff would have to first attempt and fail in some form of sedentary activity to establish eligibility for disability benefits. This belief is in error and it is on this additional basis that the Court is impelled to find no substantial evidence to support the decision of the Secretary. Accordingly, defendant's Motion for Summary Judgment is denied. Davidson v. Gardner, 370 F.2d 803 (6th Cir. 1966).

Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.