**Miquel Rivera SANTIAGO**

v.

**Elliot L. RICHARDSON, Secretary of Health, Education and Welfare.**

**Civ. A. No. 69–2604.**

United States District Court,
E. D. Pennsylvania.

July 7, 1972.

Barry S. Kohn, Joseph R. Wenk, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., E. D. Pa., by Merna B. Marshall and Walter S. Batty, Jr., Asst. U. S. Attys., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

The present case has been brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare denying the plaintiff's application for disability insurance benefits. Both the Secretary and the plaintiff have filed motions for summary judgment. Alternatively, the plaintiff has filed a motion to remand. It is the opinion of this Court that good cause exists to remand this case to the Secretary for further proceedings.

The plaintiff, a thirty-four year old illiterate Puerto Rican with a wife and four dependents, claims a "disability" within the purview of sections 223 and 216(i) of the Social Security Act, 42 U. S.C. §§ 423 and 416(i), by virtue of a back injury suffered in a fall at work in 1964. The medical evidence proffered by the plaintiff indicates that he has an extra lumbar vertebra, a fracture with a compression of the first lumbar vertebra, and a spina bifida, accompanied by bilateral spondylolysis of the pars inter-articularis, of the sixth.[1] After the date that the Appeals Council affirmed the hearing examiner's decision, but within the interval within which the claimant met the special earnings requirements of the Act, an additional diagnosis of spondylolisthesis was made.[2] Consistent with the nature of the injury suffered, the plaintiff, who has not worked since 1966, has a documented history of complaints of severe lower back pain.

The hearing examiner, in evaluating the evidence, concluded:

"Despite the abundance of the claimant's subjective complaints they are not supported by the medical evidence of record." [3]

The "medical evidence of record" relied upon is contained in the opinion of a

---

1. Arecibo District Hospital Report, Tr. 75; Radiological Report of Dr. W. M. Mediano, Tr. 73.

2. Plaintiff's Cross Motion for Summary Judgment and/or Remand, Exhibit B.

3. Tr. 13.

consultative orthopedist who reported that the plaintiff could stand, walk, sit, bend, squat, kneel, and stoop with "no limitation." [4]

On May 14, 1971, after the present complaint had been filed, the Court of Appeals for the Third Circuit adopted the view, then prevailing in the Second Circuit, that subjective symptoms which are real to the claimant, though unaccompanied by objective medical data, may support a claim for disability benefits. Bittel v. Richardson, 441 F.2d 1193, 1195 (3 Cir. 1971); Ber v. Celebreeze, 332 F.2d 293, 299 (2 Cir. 1964). In Plouse v. Richardson, 334 F. Supp. 1086, 1088 (W.D.Pa.1971), the court, citing *Bittel*, held that subjective symptoms "clearly afford a basis for awarding Social Security benefits as much as objective symptoms." Thereafter, in Marunich v. Richardson, 335 F. Supp. 870, 872 (W.D.Pa.1971), a case involving several medical conditions that combined to produce severe pain, the same court stated:

> "These conditions have been medically documented, but such severe pain, even if unaccompanied by medical documentation would be sufficient to establish a disability based on subjective symptoms."

Although the hearing examiner's conclusion in the present case may be interpreted with varying degrees of breadth, it is clear that he applied a legal standard requiring the plaintiff to support his claim with objective medical evidence. In so doing, he failed to consider the authenticity and intensity of the plaintiff's "abundant" subjective complaints, and thereby applied a legal standard no longer prevailing in this Circuit. Moreover, it is unclear whether the "no limitation" language in the medical report he relied upon was intended to describe the plaintiff's ability to move, including any accompanying complaints of pain, or regardless of them.

On remand to the Secretary, the ultimate factual issue to be answered will be similar to that described in Ber v. Celebreeze, supra: whether the plaintiff's medical ailments, taken in combination and considered within the framework of his individual physical and mental makeup, caused him to suffer pain of such intensity to constitute a "disability" within the purview of §§ 223 and 216(i) of the Act. To adequately resolve this issue, both the plaintiff and the Secretary shall be permitted to add whatever additional evidence either deems appropriate. See Dunn v. Richardson, 325 F.Supp. 337 (W.D.Mo.1971).

---

4. Medical Report of Dr. Paul Roura, Tr. 78–79.