Elizabeth M. GORDON

v.

Joseph A. CALIFANO, Jr., United States
Secretary of Health, Education
and Welfare.

Civ. A. No. 77–2805.

United States District Court,
E. D. Pennsylvania.

March 22, 1978.

J. S. Alexander, Central Pa. Legal Services, Reading, Pa., for plaintiff.

W. J. McGettigan, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In this action under Sections 205(g) and 1631(c)(3) of the Social Security Act, both parties seek summary judgment.

Plaintiff contends that the Administrative Law Judge (ALJ), in denying benefits, failed to properly, adequately and sufficiently consider the plaintiff's subjective complaints and symptoms, including pain, limitation of function and distress. She suggests that the ALJ erroneously assumed that plaintiff, because of "anxiety reaction" was prone to exaggerate her symptoms and the significance of her impairments. The record does not support the plaintiff's contentions. Rather, the record shows that the ALJ carefully and in detail considered each of the plaintiff's complaints in detail. In so doing he was properly discharging the duty imposed upon him of evaluating the evidence, including the plaintiff's testimony. For the reasons stated by him, the ALJ found himself "unable to assign full credibility to claimant's testimony". (R. 13) Thus, he did precisely what was not done in the cases relied upon by the plaintiff. *Bittel v. Richardson*, 441 F.2d 1193 (3rd Cir. 1971); *Ber v. Celebrezze*, 332 F.2d 293 (2nd Cir. 1964); *Santiago v. Richardson*, 345 F.Supp. 438 (E.D.Pa.1972); *Candeleria v. Weinberger*, 389 F.Supp. 613 (E.D.Pa.1975). That he recognized his duty to consider all of the evidence, including "subjective symptoms" described by the plaintiff, is evident throughout the record (see, for example, the

ALJ's question to the vocational expert at R. 75). Having heard, seen and observed the witnesses testify, he is the best judge of their credibility and of the weight to be attached to their testimony. This is particularly true of the plaintiff who testified at length. (R. 22–64). Therefore, we find plaintiff's motion for summary judgment without merit.

 However, the presentation of the medical evidence gives us greater concern. Plaintiff apparently suffers or has suffered from:

1. Chronic obstructive lung disease (R. 160)
2. Hiatus hernia (R. 160)
3. Urinary tract infection (R. 160)
4. Hypokalemia (R. 160)
5. Pleuredynia (R. 160)
6. Degenerative changes of the spine (R. 160)
7. Calcified granuloma (R. 152)
8. Possible myocardial ischemia (R. 142)
9. Possible emphysema (R. 142)
10. Reflux esophagitis (R. 135).

For these various conditions she was, from time to time, treated by different physicians including Dr. Patadia, Dr. Troyen, Dr. Stoltz, and Dr. Jimerson. None of these various physicians presented live testimony. In written reports, each dealt only with the specialized and limited area within which he treated the plaintiff on a given occasion and the plaintiff's condition. No one dealt with the totality of these multiple conditions and their combined effect upon the plaintiff's ability to work. As to this, the ALJ was left without any guiding medical testimony. He was left on his own except for the plaintiff's testimony as to the total impact of the various medical involvements upon her capacity to work. He found himself unable to accept all of her testimony for "credibility" reasons. Thus, the ALJ, without medical expertise and without believable testimony from the plaintiff, was obliged to "pull together" the various medical reports and determine "total impact" upon the plaintiff's ability to work. This is

more than should be expected of an ALJ heavily burdened by continuous and increasing caseloads. It was plaintiff's burden to present the ALJ with competent and credible medical evidence as to the total and combined effect of the multiple conditions from which she allegedly suffers. This she did not do and we would be warranted in forthwith granting the defendant's motion for summary judgment.

However, recognizing that the plaintiff may not have realized her burden and the need for such evidence, we shall, in the interest of justice, remand the record for that purpose and for such additional evidence as may be relevant. In remanding, we are not, in the least, critical of the ALJ who carefully reviewed the evidence presented to him and adequately expressed the basis for his decision.