In re Diane POWER, Debtor.

Judi E. BEAUMONT, Trustee, Plaintiff,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

Bankruptcy No. 91–02100–C.
Adv. No. 91–0158–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Oct. 25, 1991.

Judi E. Beaumont, trustee.

Gary Hammond, Tulsa, Okl., for trustee.

Brian Rayment, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

Judi E. Beaumont, Trustee herein ("Plaintiff") has filed a Motion for Summary Judgment upon the issues raised in her Complaint under § 547(b) of the Bankruptcy Code. Granting of the motion is appropriate if the Plaintiff demonstrates that there are no issues of material fact and the law applied to those facts requires judgment in her favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On the other hand, summary judgment should be granted in favor of the Defendant if the undisputed facts and applicable law entitles it to such a judgment even though the Defendant has not filed a motion for summary judgment. *Plouse v. Richardson,* 334 F.Supp. 1086 (D.C.Pa.1971). The Court has jurisdiction to hear this matter under 28 U.S. § 1334 and 28 U.S.C. § 157(b).

## STATEMENT OF FACTS

On March 7, 1991, ("Day One") Debtor purchased a 1989 GMC pickup truck from Ernie Miller Pontiac–GMC, Inc. ("Seller"). On this date, she took delivery of the truck,

executed a retail installment contract and note, and a lien entry form indicating Seller had a security interest in the truck. GMAC obtained the security interest through an assignment from the Seller. GMAC perfected its security interest in the truck by filing the lien entry form with the Oklahoma Tax Commission on March 22, 1991, ("Day 15") pursuant to 47 O.S. § 1110(A)(2).[1]

On April 10, 1991, approximately three weeks after Day 15, the Debtor filed a Voluntary Chapter 7 Bankruptcy Petition. Thereafter, the Plaintiff was appointed Trustee of the estate. The Plaintiff filed an adversary complaint to avoid GMAC's lien on the truck pursuant to § 547(b) of the Bankruptcy Code, which allows the trustee to avoid, as preferential, certain transfers of an interest in debtor's property.

The Trustee asserts GMAC's lien perfection on Day 15 was a transfer of the Debtor's interest in property on account of an antecedent debt, resulting in an avoidable preference. Only a ten-day grace period is allowed by 11 U.S.C. § 547(e)(2) to except lien perfection transfers from avoidance. GMAC asserts its lien perfection on Day 15 relates back to Day One by virtue of the provisions of 47 O.S. § 1110(A)(2). Therefore, it argues the transfer of the security interest in the truck is deemed to have taken place contemporaneously with the creation of the debt and execution of the lien entry form on Day One. Thus, no transfer was made on account of antecedent debt and the Trustee cannot prove an essential element to avoid a preferential transfer. The parties do not dispute that perfection of a security interest is a transfer of an interest in the Debtor's property as defined by 11 U.S.C. § 101(54).

11 U.S.C. § 547(b) provides in part:

1. 47 O.S. § 1110(A)(2) provides as follows:
   If the Lien Entry Form, the lien filing fee and the Certificate of Title or application for Certificate of Title and the manufacturer's Certificate of Origin are delivered to the Commission or to a motor licensed agent *within fifteen days* after the date of the Lien Entry

(b) Except as provided in subsection(e) ... the trustee may avoid any transfer of an interest of the debtor in property—
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent
(4) made—
(A) on or within 90 days before the date of the filing of the petition; ...
(5) that enables such creditor to receive more than such creditor would receive if— ...
(B) the transfer had not been made;
...

The parties agree all the elements of an avoidable preference are present in the instant case, except as to element (2), a transfer on account of an antecedent debt.

## ANALYSIS

The issue in this case is whether the Debtor transferred an interest in the truck as security for her debt to GMAC on Day One or Day 15. This depends upon when the lien of GMAC was perfected. If it was perfected on Day One, there is no avoidable preference. If perfected on Day 15, an avoidable preference occurred.

11 U.S.C. § 547(e)(2)(A) and (B) defines when a transfer takes place. 47 O.S. § 1110(A)(2) (see footnote 1) determines when perfection takes place. Said section of the Bankruptcy Code is as follows:

(2) For the purposes of this section, ... a transfer is made—
(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
(B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; ...

Form, *perfection of the security interest shall begin from the date of the execution of the Lien Entry Form,* but, otherwise, perfection of the security interest shall begin from the date of delivery to the Commission or to a motor license agent.

■ Under this section, if a security interest is perfected within ten days after execution of the security agreement, the perfection is deemed to have taken place at the time of the execution of the security agreement (Day One). No transfer on an antecedent debt would occur. However, if the perfection takes place more than ten days after the execution of the security agreement, then the transfer takes place at the time of perfection (Day 15) and there would be a transfer on account of an antecedent debt.

■ The exact issue before this Court was before the 11th Circuit, in *In re Busenlehner,* 918 F.2d 928, 930 (11th Cir. 1990). In this case, the trustee brought an adversary proceeding against GMAC to recover a preference. GMAC had perfected its security interest in a motor vehicle thirteen days after the purchase and execution of the security agreement, but within the twenty-day grace period allowed by the state statute. The state statute provided, as does the Oklahoma Statute, that if perfected within the allotted time, the lien relates back to the day of execution of the security agreement. The Court held in favor of GMAC finding perfection related back to the date of the security agreement. Therefore, perfection occurred within ten days of the transfer of the security interest and GMAC's lien is excepted from avoidance under 11 U.S.C. § 547(c)(3)(B) as not being on account of an antecedent debt. The creation of the debt and the transfer of an interest of the debtor in property as collateral for that debt happened contemporaneously. The Court agreed with GMAC's argument "that the physical act of perfecting a lien does not have to occur within the ten-day period as long as under state law the security interest is deemed perfected within that period." See also *In re Burnette,* 14 B.R. 795 (Bankr.E.D.Tenn. 1981).

The Trustee's contrary position is supported by *In the Matter of Hamilton,* 892 F.2d 1230 (5th Cir.1990) and *In re Scoviac,* 74 B.R. 635 (Bankr.N.D.Fla.1987). A recent decision Judge Mickey D. Wilson entitled *Woodson, Trustee, v. City Finance Co., Auto Trade Center and Denita & Denice Holloway,* 132 B.R. 771 (Bankr. N.D.Okla.1991) also supports the Trustee's argument.

The Court points out that in the *Hamilton* case the applicable state statutes allowed a twenty-day grace period for perfection of the security interest but did not provide perfection to relate back to Day One, if the lien was perfected timely. *In the Matter of Hamilton,* 892 F.2d at 1233, nn. 14–15.

This Court believes the Bankruptcy Code clearly states that the transfer occurs on Day One if the lien is perfected within ten days. Under Oklahoma law, the lien of GMAC was deemed perfected on Day One even though the physical act of perfection occurred on Day 15. The Bankruptcy Code does not say the physical act of perfection has to occur within ten days; it just states that the lien must be perfected within ten days. Here, that requirement was met. No transfer of the Debtor's interest in property was made on account of an antecedent debt. Execution of the security interest, creation of the debt, and a transfer of Debtor's property happened at the same time and no avoidable preference occurred.

This argument is buttressed by reference to Bankruptcy Code § 547(e)(1)(B) which states:

> (B) a transfer of ... property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

In the present case, this means the transfer was complete when a judgment creditor of the debtor could not obtain an interest superior to the interest of GMAC. Under Oklahoma law, GMAC's security interest in the truck was perfected on Day One and no subsequent judgment creditor could obtain a superior interest in the truck.

## CONCLUSION

Summary judgment is granted in favor of GMAC. The Court will enter a separate

Judgment Order consistent with this opinion.