Harold E. CHAMPION, Plaintiff,

v.

Joseph CALIFANO, Jr., Defendant.

Civ. A. No. 77–0796.

United States District Court,
District of Columbia.

Nov. 30, 1977.

---

Michael Gilbert, Washington, D. C., for plaintiff.

William Briggs, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

This action was brought to review a decision of the Appeals Council of the Social Security Administration affirming a decision of a Hearing Examiner that denied plaintiff disability benefits under the Social Security Act. Plaintiff is a 31-year-old male who suffers from multiple sclerosis. He was first afflicted with the disease in 1966 while on active duty in the Air Force at which time he began to suffer loss of eyesight. He was later discharged from active duty. He states that he has since suffered pain, further loss of eyesight, loss of coordination in certain extremities, nervousness, and extreme mental and emotional depression.

On February 8, 1973, plaintiff filed for disability insurance benefits pursuant to applicable provisions of the Social Security Act. This application was lost, and on November 13, 1973, plaintiff filed again. After a review of his case by a disability examiner and a physician, the application was denied on April 2, 1974, because it was determined that his impairments were not of such severity as to preclude him from performing his regular work. Plaintiff requested reconsideration, and on November 12, 1974, after further review, the application was again denied.

Pursuant to plaintiff's request, a hearing was held on April 5, 1976, before an Examiner of the Social Security Administration's Bureau of Hearings and Appeals. On September 28, 1976, the administrative law judge rendered his decision denying plaintiff's claim. This decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved it on March 9, 1977.

After the Appeals Council's action, plaintiff filed this suit wherein he alleges that the agency decision was not supported by substantial evidence in the record. Plaintiff also alleges that there exists additional evidence not previously submitted which, if considered by the Hearing Examiner, would require a decision in plaintiff's favor. Therefore, plaintiff asks this Court to find the Secretary's decision to be improper and to order payment of his disability claim, or, in the alternative, to remand the case to the agency for the submission of this additional evidence.

■ The limited role of judicial review in these cases is set out in the Social Security Act itself, which states: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g) (1970). The Supreme Court interpreted this statutory provision in *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), wherein the Court said that substantial evidence means

> "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.* at 401, 91 S.Ct. at 1427 (citation omitted). It is thus not this Court's function to reweigh the evidence or substitute its judgment for that of the Secretary; instead, it must defer to the administrative decision as long as it meets the requisite evidentiary standard. *Reyes v. Secretary of Health, Education & Welfare*, 155 U.S.App.D.C. 154, 158, 476 F.2d 910, 914 (1973); *accord, Wesley v. Secretary of Health, Education & Welfare*, 385 F.Supp. 863, 865 (D.D.C.1974).

■ To qualify for disability insurance benefits, the applicant must meet the in-

sured status requirements of the Act and then establish a disability as defined by the Act. The Social Security Administration determined that the last month during which plaintiff satisfied the insured status criteria was June, 1974.[1] Therefore, plaintiff must show that he had a disability on or before that date. To satisfy this burden, plaintiff must prove that he suffers from a medically determinable physical or mental impairment that is likely to cause death or that has persisted or will likely persist for twelve months and that prevents him from engaging in any substantial gainful employment.[2] *E.g., Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972).

The afflictions that plaintiff claims to suffer from are multiple sclerosis and its residual effects,[3] nervousness, and mental depression. In his decision denying plaintiff's application for benefits, the administrative law judge first found that "this claimant is . . . not . . . precluded from returning to his prior types of employment by his physical impairments." Administrative Record at 8. In reaching this conclusion, the ALJ emphasized the following medical evidence:

(1) the June 1976 evaluation of Dr. Gordon who found no evidence of orthopedic disability at that time and noted that if the plaintiff had multiple sclerosis it appeared at that time to be in a state of remission;

(2) the May 1976 ophthalmological evaluation by Dr. Nes who found that plaintiff was blind in his right eye but still had good visual acuity in his left eye and therefore was not totally visually disabled; and

(3) the June 1970 neurological evaluation of Dr. Green who found minimal impairments of the left limbs and some hip pain possibly due to multiple sclerosis but concluded that plaintiff could engage in sustained light work.

*Id.* at 7–8. The ALJ then turned to an evaluation of the psychiatric evidence and found that "this claimant is . . . not . . . precluded from returning to his former types of employment by his psychological impairments." *Id.* at 9. As support

---

1. A person is deemed "insured" in a given month

if he had not less than twenty quarters of coverage during the forty-quarter period which ends with the quarter in which such month occurred . . . .

42 U.S.C. § 423(c)(1)(B)(i) (1970).

2. As defined in the Act, "disability" means:
(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . . .

* * * * * *

(2) For purposes of paragraph (1)(A)—
(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers in several regions of the country.

* * * * * *

(3) For purposes of this subsection, a "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d) (1970).

3. Multiple sclerosis is defined as

a disease marked by sclerosis (hardening) occurring in patches throughout the brain or spinal cord, or both. It is accompanied by weakness, incoordination, jerking movements of the legs, and especially of the arms. It is incurable, and may last for years.

B. Maloy, *Medical Dictionary for Lawyers* 623 (3d ed. 1960).

for this conclusion, he references only the July 1976 psychiatric evaluation of Dr. White and quotes that doctor's conclusion that plaintiff was "unable to work presently because of the severity of his depression." *Id.* at 8. Thereafter, the ALJ simply states the final conclusion that based on the entire record the claimant was not found to be disabled within the meaning of the Social Security Act. *Id.* at 9.

Although the evidence cited to support the conclusion of no physical impairment arguably constitutes substantial evidence for that conclusion,[4] this Court finds the ALJ's decision to be erroneous in two other respects: There is no substantial evidence in the record to support the conclusion that plaintiff had no psychological impairment, and the ALJ failed to consider whether the combined effects of plaintiff's physical and mental conditions rendered him disabled within the meaning of the Act.

The definition of disability clearly states that a mental impairment may in itself be sufficient to entitle the claimant to benefits.[5] The Social Security Administration has promulgated criteria for determining the severity of psychological impairments,[6] and the ALJ referenced these criteria in finding no disability in the plaintiff. They divide mental disorders into three categories for purposes of the Social Security program, one of which, "functional mental disorders," is clearly applicable here.[7] Among

its various subclasses are "Psychoneurotic disorders" including "neurotic-depressive reaction." Psychoneuroses are described as being characterized by reactions to deep-seated conflicts and are classified by the defense mechanisms the individual employs to stave off the threat of emotional decompensation (e.g., anxiety, depression . . )." 20 C.F.R. § 404, Subpt. P, App. Sec. 12.00(B) (1977).

The report of Dr. White strongly indicates that plaintiff's condition falls squarely within the above description. She stated that it was her impression that plaintiff suffered from "*Severe Depressive Neurosis.*" Administrative Record at 86 (emphasis in original). Based on this impression, Dr. White's recommendation was that plaintiff was unable to work. *Id.* Although the ALJ acknowledged this recommendation, he chose to ignore it, yet he offered no other evidence to support that decision.

▆▆▆ Not only does the very evidence the ALJ cited support the conclusion that plaintiff suffers from a mental disability, but other evidence in the record also strengthens that conclusion. Plaintiff's own testimony states that he has lost jobs or quit them because of his nerves,[8] and Valium has been prescribed for him because of his nervousness. *Id.* at 21–23, 27, 90. Based on this record it is clear that the decision of the ALJ concerning plaintiff's

---

4. *But see* text accompanying note 9 *infra.*

5. 42 U.S.C. § 423(d)(3) (1970); *accord, Lewis v. Weinberger,* 541 F.2d 417, 420 (4th Cir. 1976); *Wyatt v. Weinberger,* 519 F.2d 1285, 1285–86 (4th Cir. 1975).

6. 20 C.F.R. § 404, Subpt. P, App. Sec. 12.00 (1977). These criteria are not the exclusive means by which a mental disability may be shown. They are guidelines only. *Martin v. Secretary of Health, Education and Welfare,* 492 F.2d 905, 910 (4th Cir. 1974).

7. A second category is entitled "Organic brain syndromes" which are "disorders caused by, or associated with, impairment of brain tissue." 20 C.F.R. § 404, Subpt. P, App. Sec. 12.00A. The most pertinent subclass within this category is "chronic brain syndrome." The regulations state that such syndromes

result from persistent, more or less irreversible diffuse impairment of cerebral tissue function. They are usually permanent and may be progressive. They may be accompanied by psychotic or neurotic reactions superimposed on the organic brain pathology. *Id.* As previously noted, multiple sclerosis is caused by a hardening of tissue in the brain or spinal cord, or in both. Note 3 *supra.* Although Dr. White's evaluation indicated "[n]o organicity" or "psychotic thought disorder," she did conclude that plaintiff was suffering from a neurosis. Administrative Record at 86. It thus appears that this category also could describe plaintiff's condition.

8. This subjective evidence properly may serve as a basis for awarding benefits. *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir. 1971).

mental condition lacked substantial evidence and that to the contrary there exists substantial evidence that plaintiff in fact is disabled because of his depression and nervousness.

■ The Court, however, need not rest its decision in this case solely on that basis. Even if the mental condition alone were not sufficient to cause plaintiff to be disabled, when one considers the combined effect of this depression and nervousness with the undeniable physical manifestations of his multiple sclerosis, plaintiff clearly is disabled within the meaning of this Act and entitled to benefits. These combined effects must be considered for the Act seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical analysis of individual ailments. *E.g., Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir. 1971); *Dillon v. Celebrezze,* 345 F.2d 753, 755–57 (5th Cir. 1965). The record shows that plaintiff is blind in the right eye, that he occasionally suffers temporary blindness in the left eye, that he encounters periods of pain in the abdomen or hip, that he has coordination problems and occasional numbness in some of his extremities, and that he suffers from depression and nervousness. Disability necessarily means the combination and interrelation of the various individual ailments. It takes only elementary common sense to look at the record of this man's physical and mental condition to see that the sum of the evidence here equals total disability. There is no substantial evidence in the record to the contrary.

Once plaintiff has proved his impairments, the burden is on the defendant to show that he nevertheless can engage in "substantial gainful work." *See Massey v. Celebrezze,* 345 F.2d 146, 157 (6th Cir. 1965). To meet this burden defendant has emphasized plaintiff's few efforts at employment while he suffered from these illnesses. The record shows, however, that this reliance is misplaced. He was discharged from his Air Force service because of this disability, and his subsequent efforts at work have all failed. When he worked as a teacher, it was only as a volunteer. Moreover, he testified that he finally had to quit this activity because the children affected his nerves. He tried operating an office machine, but because of the problems with his eyesight and physical impairments, he was not successful. He also tried to work as a store clerk on two occasions, but again failed, even though one of the employers was his brother who was sympathetic to his condition.

Although these efforts may have resulted in sporadic, limited earnings, they hardly can be deemed to have been substantially gainful. "Substantial" is an expressed qualification within the statute, and it must be given a reasonable interpretation. *See Resnikoff v. Gardner,* 290 F.Supp. 638, 640–41 (N.D.Fla.1968). One may attempt to work even though he is disabled. *Cf. Mabry v. Travelers Ins. Co.,* 193 F.2d 497, 498 (5th Cir. 1952) (interpreting total disability in workmen's compensation case). Were the Court to find from this record that plaintiff can still engage in "substantial gainful work" in spite of his condition, it would penalize those who try to stay off the welfare rolls out of a desire for self-sufficiency in favor of those who make no effort to do so.

■ The Social Security Act was passed with understanding and compassion for the men and women of this nation who are unable to overcome on their own the hurdles that life has placed before them. *See Helvering v. Davis,* 301 U.S. 619, 641, 57 S.Ct. 904, 81 L.Ed. 1307 (1937). Its protection was intended to be inclusive in scope, not exclusive, and plaintiff need not be bedridden to receive that protection. *See Thomas v. Celebrezze,* 331 F.2d 541, 546 (4th Cir. 1964); *Ferguson v. Celebrezze,* 232 F.Supp. 952, 956–57 (W.D.S.C. 1964). Accordingly, the agency should view the evidence submitted by the applicant in a light most favorable to him. *Labee v. Cohen,* 408 F.2d 998, 1000 (5th Cir. 1969); *Selewich v. Finch,* 312 F.Supp. 191, 195 (D.Mass.1969). Such a perspective is particularly important

in a case like this one involving multiple sclerosis. Its clinical signs and symptoms are variable, and the condition has periods of sudden remission and recurrence without any apparent cause, thus making any kind of treatment or diagnosis difficult and hazardous.[9] 3A R. Gray, *Attorneys' Textbook of Medicine* ¶ 88.68(4) (3d ed. 1977).

In conclusion, the Court finds that the administrative law judge's conclusions are not supported by substantial evidence and that on the contrary the record does reveal substantial evidence that plaintiff is totally disabled within the meaning of the Social Security Act. Accordingly, it is by the Court this 30th day of November, 1977,

ORDERED that plaintiff's Motion for Summary Judgment be, and hereby is, granted; and it is further

ORDERED that the decision of the Secretary be, and hereby is, reversed; and it is further

ORDERED that the claimant Harold E. Champion be adjudged entitled to benefits under the provisions of the Social Security Act together with payment of benefits for such retroactive periods as are by statute allowed; and it is further

ORDERED that defendant's Motion for Summary Judgment be, and hereby is, denied.

9. It is worthwhile to note that plaintiff has been declared 100% disabled by the Veterans' Administration. Administrative Record at 34. The Court recognizes that the definitions and purposes of the statute under which those benefits are granted differ from the definitions and purposes of the Social Security Act. Therefore, a determination by the Veterans' Administration is not binding upon the Social Security Administration. It is, however, entitled to serious consideration. *Williams v. Finch,* 440 F.2d 613, 616 (5th Cir. 1971); *Rolenaitis v. Richardson,* 336 F.Supp. 1235, 1237–38 (E.D.Pa.), aff'd, *without opinion,* 475 F.2d 1396 (3d Cir. 1973). In light of the variability of the symptoms and conditions of this disease, consideration of the Veterans' Administration finding is particularly appropriate.