Evelyn GIORDANO

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. 80–4064.

United States District Court,
E.D. Pennsylvania.

Dec. 1, 1982.

---

John A. Wetzel, Phila., Pa., for plaintiff.

Serena Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This action is brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) to review a final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act.

### I.

The plaintiff is a sixty-one-year-old woman with a seventh-grade education who was employed as a buttonhole maker. She filed an application for disability insurance benefits on January 29, 1979, alleging disability beginning in June 1974.[1] She also applied for supplemental security income benefits on January 29, 1979. Both applications were denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration after the Pennsylvania State Agency determined that plaintiff was not disabled within the meaning of the Social Security Act.

An Administrative Law Judge ("ALJ"), before whom plaintiff and her attorney appeared, considered the case *de novo*. In a decision issued on April 28, 1980 he denied plaintiff's applications. On May 5, 1982 the Appeals Council adopted the ALJ's findings and conclusions; the ALJ's decision therefore became the final decision of the Secretary. In this appeal from the Secretary's decision, the parties have filed cross-motions for summary judgment.

### II.

Judicial review of the Secretary's decision is limited by the Social Security Act. *See* 42 U.S.C. § 405(g). Therefore, the only issue before the court is whether the Secretary's findings of fact are supported by substantial evidence. Substantial evidence, as the Third Circuit has recently observed, has been defined by the Supreme Court as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), *quoted in Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981).

---

1. Plaintiff's physician has diagnosed a number of ailments: chronic obstructive lung disease; chronic bronchitis; degenerative joint disease; osteoarthritis; cervical radiculopathy; cervical and lumbar spondylosis; hyperthyroidism; idiopathic senile purpura, and rheumatic heart disease. (Tr. 151) (Interrogatories Addressed to Dr. Julius A. Mingroni).

To be eligible for disability benefits, an applicant must first establish that she suffers from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A). Second, she must show that her impairment is sufficiently severe to prevent her from engaging either in her previous work or, in view of her age, education, and work experience, "in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). See *Milazzo v. Schweiker,* 528 F.Supp. 1099, 1101 (E.D.Pa.1981).

In this case, the ALJ found that Mrs. Giordano has the following impairments: "minimal arthritis of the spine, mild chronic obstructive pulmonary disease, non-toxic goiter, mild mitral stenosis and depression." (Tr. 14). In evaluating the evidence, the ALJ discussed Mrs. Giordano's impairments and concluded that none of them would severely limit her functions or significantly affect her ability to perform work-related activities. For example, although plaintiff's physician stated that she had "severe arthritic deformities" of her feet resulting in "very painful and difficult" ambulation (Tr. 148), and despite plaintiff's complaints of numbness in her feet (Tr. 33), the ALJ found "no medical evidence to establish that there is a severe limitation of her functions related thereto." (Tr. 12).[2] Next, the ALJ discussed Mrs. Giordano's pulmonary function studies and chest x-rays and concluded that although she "suffers from chronic obstructive lung disease and possible fibrosis, her respiratory impairment is only mild...." (Tr. 12). He did not discuss her shortness of breath or persistent cough. (Tr. 151). Third, he discussed her cardiac status, recognizing that she had been diagnosed as suffering arteriosclerotic cardiovascular disease and mitral stenosis, but concluding that these impairments would not significantly affect her ability to work. (Tr. 12–13). He did not

discuss her fatiguability (Tr. 48), chest pain (Tr. 149), or the restrictions on her activity imposed by her doctor. (Tr. 153). Finally, in discussing her complaints of pain and concluding that her pain is not of sufficient duration or severity to be disabling, the ALJ dismissed plaintiff's complaint of severe recurrent headaches, noting that she did not appear to be in any undue discomfort at the hearing. (Tr. 13).

It is well-settled that subjective evidence of pain and disability can support a claim for disability benefits under the Social Security Act. *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir.1971). Such evidence is "entitled to great weight ... when ... it is supported by competent medical evidence." *Dobrowolsky v. Califano,* 606 F.2d 403, 409 (3d Cir.1979). The opinion of the plaintiff's physician is also entitled to great weight. *Twardesky v. Weinberger,* 408 F.Supp. 842, 846 (W.D.Pa. 1976). Dr. Mingroni, plaintiff's physician since 1976, labelled her prognosis "guarded," her limitations "severe," and her disability "total." (Tr. 153).

The ALJ's evaluation of the evidence does not adequately explain his substantial disregard of plaintiff's subjective complaints or the opinion of her physician. *See Cotter v. Harris,* 642 F.2d 700, 705–06 (3d Cir.1981). Remand will be required to give the ALJ a further opportunity to evaluate these aspects of the record. The ALJ discussed each of Mrs. Giordano's ailments, but it does not appear that he considered the "combination and interrelation of the various individual ailments." *Champion v. Califano,* 440 F.Supp. 1014, 1018 (D.D.C. 1977). The law requires, however, that "where there are several illnesses suffered simultaneously by the claimant, the combined effect of the impairment must be considered before the Secretary denies the payment of disability benefits." *Bittel,* 441 F.2d at 1195. This is for the reason that the Social Security Act "seeks to administer relief to the whole man and not simply to serve as a vehicle for the separate clinical

---

**2.** Plaintiff's work as a buttonhole maker required her to operate a foot pedal. (Tr. 33).

analysis of individual ailments." *Champion v. Califano,* 440 F.Supp. at 1018; *see Bittel,* 441 F.2d at 1195.

Accordingly, the parties' cross-motions for summary judgment are denied, the Secretary's decision is vacated, and the case is remanded for reconsideration consistent with this opinion.