Max **ROSE**, Plaintiff,

v.

Elliot **RICHARDSON**, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 4065.

United States District Court,
S. D. Ohio, W. D.

June 25, 1972.

————◆————

McCulloch, Felger, Fite & Gutmann, Piqua, Ohio, Bieser, Greer & Landis, Dayton, Ohio, for plaintiff.

William W. Milligan, U. S. Atty., Arthur D. Jackson, Jr., Asst. U. S. Atty., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINMAN, Chief Judge.

This is an action brought by plaintiff, Max Rose, pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Secretary of Health, Education and Welfare imposing deductions against old age insurance benefits which the plaintiff was otherwise eligible to receive in the years 1964, 1965, 1966, 1967 and 1968 on the ground that the plaintiff realized "excess earnings" from self employment as defined in § 203(f) of the Act, 42 U.S.C. § 403(f). The amount of "excess earnings" when set off against the old age insurance benefits for which the plaintiff was otherwise eligible in the years in question extinguished eligibility for benefits. However, benefits were paid to plaintiff for all months in 1965, 1966 and in January, 1967. The Appeals Council of the Social Security Administration, pursuant to § 204 of the Act, 42 U.S.C. § 404 concluded that recovery of these benefits erroneously paid to the plaintiff would not defeat the purposes of Title II of the Act.

The relevant facts are as follows:

The plaintiff operates a used furniture store under the name Sidney Furniture Exchange, Incorporated. The business was incorporated under the laws of the State of Ohio on February 27, 1958. The plaintiff owns 24 of the 25 issued shares of stock and his wife owns the remaining share.

Although the business was incorporated under the laws of the State of Ohio, the plaintiff admits that from 1958 through March of 1964 he operated the business as a sole proprietorship and not as a corporation. During this period plaintiff devoted between fifty and sixty hours per week to the business. He performed all essential business requirements such as bidding on used furniture, buying new furniture, sales, marking prices, setting up displays, and keeping the business books.

The plaintiff reached the retirement age of 65 in January, 1964. In May of that year the plaintiff advised the Social Security Administration that he was now operating his business as a corporation, that he intended to retire and desired to receive old age insurance benefits under the Social Security Act.

At this time the plaintiff reduced the number of hours he devoted to the business. He then began spending between twenty-five and thirty hours per week in the business whereas before he had spent between fifty and sixty hours a week on the business. However, the plaintiff retained complete control over the management of the business. Plaintiff alone wrote checks on behalf of the business and made all important managerial decisions with respect to bidding on used furniture and the purchase of new furniture.

At the time of the plaintiff's announcement that he intended to retire, the plaintiff changed the manner in which income was reported by the business. Whereas, before the plaintiff had reported all business earnings on his personal income tax return as income from self employment, the business beginning with the period April 1, 1964 through December 31, 1964 and in each succeeding taxable year reported taxable income as a small business corporation, filing I.R.S. form 1120–S. Commencing in 1965 and in each succeeding taxable year, the plaintiff reported wages paid to himself and his wife for services rendered as corporate officers.

For the years in question the I.R.S. form 1120–S filed by Sidney Furniture Exchange Incorporated showed the following taxable income:

1964 – $3,669.97
1965 – $2,277.88
1966 – $1,639.30
1967 – $1,111.81
1968 – $2,403.02

During the relevant years the plaintiff reported the following amounts as wages paid to him as corporate officer:

1965 – $1,008.82
1966 – $1,318.65
1967 – $1,448.11
1968 – $1,564.42

It is undisputed that the plaintiff only received from the business the amounts reported by him as wages. The additional amounts of taxable income reported on the small business corporation income tax return were not distributed to the plaintiff but were kept in the business for the purpose of purchasing additional inventory.

The Hearing Examiner, who did not question the bona fide existence of Sidney Furniture Exchange Incorporated as a corporate entity, found in favor of the plaintiff on the ground that the undistributed profits and income of a subchapter S corporation may not be considered "excess earnings" to the stockholders of the corporation for the purpose of imposing a deduction against old age insurance benefits.

The Appeals Council whose decision became the final decision of the Secretary, upon review, took a different approach. The Council made further inquiry of the plaintiff as to whether in the operation of the corporation he adhered to normal corporate routine and procedure. In response to this inquiry the plaintiff was unable to produce corporate records or minutes of corporate meetings. In particular no evidence was presented by the plaintiff indicating that the corporation either before or after May of 1964 conducted Board of Director's meetings, shareholder's meetings or adopted corporate resolutions. In fact the plaintiff was even unable to find the stock certificates which should have been issued to him at the time the corporation was formed.

Upon consideration of the plaintiff's response to its inquiry and the other evidence in the administrative record, the Appeals Council concluded that the corporation known as Sidney Furniture Exchange, Incorporated was not a bona fide corporation and that all income derived from the business whether distributed or not was "excess earnings" attributable to the plaintiff and requiring a deduction from the plaintiff's old age insurance benefits.

So far as is pertinent the Appeals Council stated:

"The Appeals Council is of the opinion that the corporate entity herein

was no more than a sham or facade behind which the claimant, upon reaching retirement age sought to operate his business. Admittedly, he operated the business as his sole proprietorship through March 1964. Nothing in the record indicates a change in operation thereafter.

"The claimant continued to be the dominate figure in business affairs, indeed, he was the only one authorized to write checks on the 'corporate' bank account. He owned 24 of 25 shares of stock, the other share belonging to his wife. There is no evidence that formal corporate meetings were ever held. The claimant, as the need arose, withdrew funds from the business for his own personal expenditures. In point of fact, there is no evidence that at any time that the business ever functioned except as a sole proprietorship and the corporate structure was used simply as a conduit for the claimant's personal funds."

This action is now pending upon the cross-motions of the plaintiff and the defendant Secretary for summary judgment. The sole issue raised herein is whether the finding by the Appeals Council that Sidney Furniture Exchange, Incorporated was not a bona fide corporation is supported by substantial evidence and is in accordance with applicable law.

██ It is well recognized that it is not unlawful for a claimant to arrange his business affairs including the use of a corporate entity so as to qualify for benefits under the Social Security Act. However, the Social Security Administration closely scrutinizes these arrangements to determine whether or not they are bona fide. In this respect the Court of Appeals for the Sixth Circuit in the case of Skalet v. Finch, 431 F.2d 452 (C.A.6, 1970) stated at page 453:

"The statute requires that an applicant for old age benefits who has earnings in any month must demonstrate 'to the satisfaction of the Secretary' that he was not engaged in self employment and did not render substantial services for wages in excess of the statutory maximum. 42 U.S.C. § 403(f)(4)(A). The Secretary has authority to consider the substance of any transaction over its form."

██ It is axiomatic that in Social Security review actions the federal district courts do not try the case de novo. The findings of fact by the Secretary and any inferences reasonably drawn from the evidence, if supported by substantial evidence, are binding on this Court. In the present case the plaintiff admits that he operated his furniture store business from 1958 through March, 1964 as a sole proprietorship. Although plaintiff claimed that after March, 1964 he began to operate his business as a corporation he failed to present credible evidence establishing that he had in fact ceased operating his business as a sole proprietorship. There was no evidence presented showing that the business ever adhered to normal corporate routine. Although the plaintiff after March, 1964 reduced the number of hours he spent on the business he still devoted approximately 100 hours per month to the business and retained control over the management of the business. Upon careful consideration of the administrative record the Court concludes that the finding of the Secretary that plaintiff's business was not a bona fide corporation has rational support in the administrative record and is supported by substantial evidence.

██ Since substantial evidence establishes that plaintiff in fact at all times operated his furniture store as a sole proprietorship, plaintiff is subject to the provisions of 42 U.S.C. § 403(f)(4)(A) which creates a presumption that an individual is engaged in self employment. The burden is placed upon the old age insurance claimant to demonstrate "to the satisfaction of the Secretary" that he rendered no substantial services in any month to any trade or business the net income of which is includable in computing his net earnings

from self-employment. The plaintiff who after reaching age 65 devoted approximately 100 hours per month to the business and retained control over the management of the store failed to meet this burden.

Counsel for plaintiff in his brief emphasizes the fact that the business income attributed to plaintiff as "excess earnings" was not received by the plaintiff but kept in the business to finance the purchase of additional inventory. Plaintiff urges reversal of the Secretary's decision under the rule recognized by a number of federal courts that undistributed profits and income of a subchapter S corporation may not be considered "excess earnings" for the purpose of imposing a deduction against benefits under 42 U.S.C. § 403. Gardner v. Hall, 366 F.2d 132 (C.A.10, 1966); Somers v. Gardner, 254 F.Supp. 35, 36, 38 (E.D.Va.1966); Koeller v. Finch, 315 F.Supp. 533 (D.Kan.1970); Ludeking v. Finch, 421 F.2d 499, 502–503 [dicta] (C.A.8, 1970). The Court is in complete agreement with the holding of the cited cases but believes they are distinguishable from the present case by the fact that in each of the above cited cases the bona fide existence of the corporate entity created by the claimant was not questioned. As the Court of Appeals for the Tenth Circuit was careful to point out in Gardner v. Hall, supra, 366 F.2d at pages 135–136:

> ". . . There is no evidence, nor any finding whatever that the corporation was in any manner a sham or a pretense; instead it was an entirely bona fide corporate entity."

In contrast in the present case the Secretary properly looked beyond the formal appearance of corporate existence to the substance of the business arrangement and made a finding, supported by substantial evidence, that the plaintiff after reaching retirement age continued to operate his business as a sole proprietorship and that the corporate entity was no more than a sham behind which the plaintiff continued to operate his business. Since the business was in fact and in reality a sole proprietorship the Secretary correctly attributed to the plaintiff, as sole proprietor, all income and profits derived from the business including undistributed income which was reinvested into the business.

The Court further finds no error in the determination of the Appeals Council, pursuant to 42 U.S.C. § 404 that recovery of the erroneously paid benefits would not defeat the purpose of the Social Security Act.

Accordingly, the motion of the defendant Secretary for summary judgment hereby is sustained, the decision of the Secretary of Health, Education and Welfare hereby is affirmed, and plaintiff's complaint hereby is dismissed. The motion of the plaintiff for summary judgment hereby is denied.