Gerald WOOD

v.

Margaret HECKLER, Secretary of Health and Human Services.

Civ. A. No. 82–3436.

United States District Court, E.D. Pennsylvania.

July 27, 1983.

Michael Donahue, Delaware County Legal Assistance Assoc., Chester, Pa., for plaintiff.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

This is an action brought under 42 U.S.C. § 405(g), seeking review of a final decision by the Secretary of Health and Human Services ("Secretary") which denied the

plaintiff's claim for disability benefits under Title XVI of the Social Security Act. After a hearing on July 9, 1981, an Administrative Law Judge (ALJ) found that the plaintiff was not entitled to disability benefits. The ALJ, in a decision issued August 26, 1981, based his denial of the plaintiff's claim on his finding that the plaintiff had the residual functioning capacity for light work, and was therefore not disabled according to 20 C.F.R. Subpart P, Appendix 2, Section 202.11.

Plaintiff's request for administrative review of the decision was denied by the Appeals Council on July 19, 1982. Before me are cross motions for summary judgment. For the following reasons I will grant plaintiff's motion.

The plaintiff seeks disability benefits only for the period from November, 1979, to May, 1980, though he has not worked since July, 1975, when back problems caused him to stop work as an apprentice welder. The denials of Mr. Wood's earlier applications for benefits were not appealed. He now seeks review of his most recent claim, dated November 21, 1979, seeking benefits from that date through May, 1980, when Mr. Wood began receiving aid from the Veterans Administration.

Plaintiff asserts three separate components of his disability. The record clearly indicates that Mr. Wood continues to suffer from both emphysema and cirrhosis of the liver, and that back problems rendered him incapable of work at least until September, 1978, when plaintiff underwent a laminectomy and discectomy to correct the problem. The issue is whether or not these conditions may be considered disabling for the period between November of 1979 and May of 1980.

■ The Secretary determined that these impairments did not prevent the plaintiff from performing "light work activity" (Tr. 29), as defined in 20 C.F.R. § 404.1567(b). Under 42 U.S.C. § 405(g), this court must affirm the decision if there is substantial evidence in the record to support the Secretary's findings. *Taybron v. Harris,* 667 F.2d 412, 415 at fn. 5 (3d Cir.1981);

*Thompson v. Schweiker,* 541 F.Supp. 681, 682 (E.D.Pa.1982). I have been unable to find such support for the finding that Mr. Wood is capable of performing light work.

Mr. Wood's earlier applications for disability benefits attributed his inability to work primarily to his back problems. Contrary to the assertion in plaintiff's motion for summary judgment, the operations which Mr. Wood underwent seem to have remedied the back condition. Plaintiff himself admits that he has had no back problems since that time (Tr. 50, 56).

■ The record is less clear with regard to the possibly disabling effect of Mr. Wood's cirrhosis and alcohol problems. Although plaintiff's treating physician, Dr. Wilkis, reported that Mr. Wood is a confirmed alcoholic (Tr. 210–211), there is sufficient conflicting evidence on the record to substantiate the ALJ's conclusion that Mr. Wood's cirrhosis was not disabling. Plaintiff has worked during his periods of alcoholism (Tr. 126), and the April 15, 1980 examination by Dr. Pote indicated that Mr. Wood had drastically reduced his alcohol consumption by that date, and that his serum bilirubin was within the normal range. (Tr. 230). The existence of cirrhosis of the liver alone is insufficient to support a finding of disability unless the condition also makes it impossible for the plaintiff to engage in substantial gainful employment. *Torres v. Harris,* 494 F.Supp. 297, 299 (E.D. Pa.1980). Mr. Wood failed to prove anything beyond the existence of cirrhosis. Therefore, the ALJ was justified in finding the condition not disabling. Plaintiff stresses the weight which should be given to the opinion of his regular treating physician (Dr. Wickis), however the lack of evidence of any physical examination by Wilkis during the period in question, together with conflicting evidence, justified the ALJ's reliance on the other evidence in the record. *See Rossi v. Califano,* 602 F.2d 55, 58 (3rd Cir.1979).

■ As stated earlier, the ALJ's finding of no disability rested on the determination that Mr. Wood was capable of performing

"light work activity" as defined in 20 C.F.R. § 404.1567(b). The physical exertion requirements of light work are as follows: the work may require (1) lifting of no more than 20 pounds, with frequent lifting or carrying of objects weighing only 10 pounds or less; (2) "a good deal of walking or standing"; and/or (3) sitting with some pushing or pulling of arm or leg controls. To be considered capable of a wide range of light work, a person must be able to do substantially all of these activities.

I am unable to find support on the record for the assertion that Mr. Wood is capable of such work. The ALJ relied on the state agency disability determinations made May 14, 1980 (Tr. 91) and September 3, 1980. The May determination, based on the May 1, 1980 report by Dr. Pote, notes that Mr. Wood's pulmonary function study showed a capacity to do even heavy work, and that there was no limitation of his range of motion. However it ignores Dr. Pote's statement that the plaintiff becomes severely short of breath after even minimal exertion (Tr. 231).

■ The September determination directly conflicts with Dr. Pote's August report, which the determination, inexplicably, cites as support. Dr. Pote's physical capacities evaluation stated that Mr. Wood could occasionally lift up to 11 pounds, but never more than that; that he cannot use his hands for pushing and pulling; and that he can walk no more than one hour per day. (Tr. 249). There is no evidence on the record that the medication plaintiff takes increases his capacities beyond those indicated on the evaluation. The evidence is thus clearly inconsistent with the finding that plaintiff retains the residual functional capacity for prolonged walking and standing, and for lifting the weight required in light work. The above evidence also controverts the finding that plaintiff could return to his job as an assembler. *See* Tr. 97, 207, 249.

■ The determination that Mr. Wood was capable of light work during the period in question was essential to the finding that he was not disabled. Since that determina-

tion was erroneous, I must conclude that Mr. Wood was indeed disabled.

The evidence on the record may well support a determination that the plaintiff retains the residual functional capacity to engage in sedentary work, which requires lifting of no more than ten pounds, with only occasional walking or standing. However, Rule 201.10 of Table 1, Appendix 2 of 20 C.F.R. § 404 requires that someone of Mr. Wood's age (51—"closely approaching advanced age") with a limited education (Tr. 29) and non-transferable skills, must be found disabled if capable only of sedentary work. Though the ALJ made no finding concerning the transferability of Mr. Wood's skills, Dr. Wickis' April, 1979, evaluation (totally restricting Wood from working with moving machinery) and Dr. Pote's August, 1980, evaluation (limiting exposure to machinery and proscribing pushing, pulling and fine manipulating), indicate that his skills would not be transferable. *See* Tr. 213, 249. I therefore reverse the ALJ's finding that Mr. Wood was not disabled for the period from November, 1979 to May, 1980.

■ The ALJ stated in his decision that even if Mr. Wood was disabled, his receipt in May, 1980, of a retroactive Veterans Administration pension check covering the period in question would make him ineligible for S.S.I. benefits. The regulations define pensions received from the Veterans Administration as unearned income. 20 C.F.R. § 416.1121(a). Section 416.1123 specifies that such income is counted only when actually received or credited to the recipient's account, except in the case of retroactive social security benefits. *See* 20 C.F.R. § 416.1123(d). Because Mr. Wood did not receive the lump sum Veterans Administration payment until May, 1980, his receipt of this payment would not appear to affect his eligibility for SSI benefits prior to that time under the applicable regulations.

For the foregoing reasons, I conclude that the Secretary's determination that the plaintiff is not disabled is not supported by substantial evidence. Therefore, I will grant the plaintiff's motion for summary

judgment and remand with a direction for entry of an award of disability benefits.