**Ruben CASTORENA, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

No. C–83–2349 SAW.

United States District Court,
N.D. California.

Dec. 16, 1983.

John M. Kikuchi, Santa Rosa, Cal., for plaintiff.

Joseph P. Russoniello, U.S. Atty., John F. Barg, Chief U.S. Atty., Deborah S. Shefler, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS

WEIGEL, District Judge.

Plaintiff, a 53 year old male, alleged that he became unable to work on June 30, 1975, due to partial paralysis of his right leg, left foot trouble, nerve damage in his left hand, eye trouble, diabetes, and arthritis in his right shoulder and ankles. He also alleged depression and emotional problems. Plaintiff has a ninth or tenth grade education and worked as a carpenter. In

proceedings on prior applications, the Social Security Administration awarded plaintiff disability benefits for a period commencing in August, 1976. These benefits were terminated in November, 1977. Plaintiff reapplied for benefits in March and May, 1979. These applications were denied on December 11, 1979, and plaintiff did not appeal.

Plaintiff again applied for disability insurance benefits on May 28, 1980, and for supplemental security income benefits on October 30, 1980. These applications initially were denied and subsequently the applications were presented to an Administrative Law Judge (ALJ) who considered the case *de novo.*

On July 30, 1982, the ALJ found that plaintiff was not disabled and thus not entitled to disability insurance benefits and supplemental security income. On February 28, 1983, the ALJ's findings were adopted by the Appeals Council of the Social Security Administration and thus became a final decision of defendant Secretary of Health and Human Services (Secretary). *Conley v. Ribicoff,* 294 F.2d 190, 192 (9th Cir.1961). Plaintiff received notification of this decision on March 16, 1983 and on May 11, 1983 brought this action for review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). Plaintiff now moves for summary judgment reversing the Secretary's decision. As alternative relief, plaintiff seeks remand for further proceedings applying the proper criteria for determining disability.

By cross motion for summary judgment, defendant challenges plaintiff's claim and asserts that plaintiff's failure to appeal an earlier denial of benefits issued on December 11, 1979 bars plaintiff's claim to benefits for the period prior to that denial.

■ The *res judicata* issue can be disposed of at the outset. A final decision of the Secretary can have *res judicata* effect if the claimant does not seek review of the decision. *See Davis v. Schweiker,* 665 F.2d 934, 935–36 (9th Cir.1982). However, in her discretion, the Secretary may reopen a case. *Id.* at 935. In the present case,

although the ALJ never explicitly stated that plaintiff's prior application had been reopened, the record indicates that the ALJ considered whether plaintiff had been disabled prior to December 11, 1979. Because the ALJ did not restrict his evidentiary inquiry or his findings to the period after December 11, 1979, it is clear that no *res judicata* effect was afforded the prior denial of benefits. Therefore, this Court's review will include the entire period considered by the ALJ—November 1977 through July 30, 1982.

■ In reviewing the Secretary's decision, the Court is limited to the question whether the Secretary's findings, as set forth by the ALJ and adopted by the Appeals Council, are supported by substantial evidence. This statutory restriction extends to inferences drawn from the evidence—whether such inferences have a substantial basis in the record. *Parker v. Califano,* 441 F.Supp. 1174, 1178 (N.D.Cal. 1977). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). It is the function of the Secretary, not of the Court, to resolve conflicts in the evidence. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975).

The Secretary has concluded that plaintiff was not disabled during the period between November, 1977, and July 30, 1982. The applicable statutes state that:

> an individual will be considered disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A) (disability insurance benefits); 42 U.S.C. § 1382c (a)(3)(B). Further, an individual is disabled only if his

physical or mental impairment is of such severity so as to preclude him from engaging in any kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). 20 C.F.R. §§ 404.1520 and 416.920 establish a sequential evaluation process for disability claims by which an ultimate determination of an applicant's disability is reached. Plaintiff contends that several of the ALJ's findings, essential to a determination of disability under the sequential evaluation process, are not supported by substantial evidence and that, consequently, the ultimate conclusion as to plaintiff's disability is unsupported.

■ First, plaintiff contends that the ALJ did not afford sufficient weight to plaintiff's pain in determining plaintiff's residual functional capacity. However, it appears from the record that the ALJ did consider the effects of plaintiff's pain, and that the ALJ's conclusions with regard to plaintiff's pain were supported by the record. *See, e.g.,* Transcript pp. 20–23.

■ Second, plaintiff claims that contrary to the ALJ's findings, plaintiff is illiterate. Although there is conflicting evidence on this point, there is substantial evidence in the record to support the ALJ's finding of literacy.

■ Finally, plaintiff asserts that he cannot do light work and claims that the following findings of the ALJ are not supported by substantial evidence:

Finding No. Four. The claimant has a residual functional capacity to perform work-related functions except for work involving lifting more than 20 pounds. Finding No. Six. Considering exertional limitations only, the claimant has the residual functional capacity for at least light work as defined in Regulations 404.1510 and 416.910.

These findings of residual functional capacity fail to reflect the uncontradicted expert opinion that plaintiff has a significantly impaired ability to walk and stand. Light work, which is defined in Regulation 404.1567(b),

involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the individual] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b) (1983).

■ After consideration of the entire record, the Court concludes that plaintiff's physical exertional limitations preclude a finding that he is "capable of performing a full or wide range of light work." In particular, the record does not disclose substantial evidence that plaintiff has the ability to do a "good deal of walking or standing." However, the record would substantiate a finding that plaintiff's physical exertional limitations place him in the "sedentary work" category. *See* 20 C.F.R. § 404.1567(a) (1983).

■ Because plaintiff's physical exertion capacity was incorrectly identified, the ALJ employed the wrong sequential evaluation in determining whether substantial gainful activity exists in the national economy which plaintiff is capable of performing. *See* 20 C.F.R. §§ 404.1501 *et seq,* Appendix 2. Thus, the finding of no disability rested on an improper basis. The case will be remanded to allow defendant's Administrative Law Judge to reevaluate his conclusion in a manner consistent with a finding that plaintiff's physical exertional limitations place him in the "sedentary work" category. *See Belton v. Schweiker,* 535 F.Supp. 1319, 1321–22 (D.D.C.1982).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment of reversal is denied.

IT IS FURTHER HEREBY ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER HEREBY ORDERED that this action is remanded to defendant for reevaluation of the Administrative Law Judge's conclusion in light of this Court's determination that the record demonstrates that plaintiff's physical exertional limitations include an impaired ability to walk and stand, rendering him incapable of performing a full or wide range of "light work", and for further proceedings consistent with this Order.