782 F.2d 1041
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES A. FARNHAM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5123
 United States Court of Appeals, Sixth Circuit.
 12/27/85
 
 Before: KENNEDY and GUY, Circuit Judges; and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff James Farnham brought this action under section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services, finding that he received an overpayment of retirement insurance benefits due to excess earnings in 1980 and 1981. The District Court affirmed on the ground that the Secretary's decision was supported by substantial evidence on the record. Upon consideration, this Court affirms the order of the District Court.
 
 
 2
 Plaintiff raises two issues in this case: first, does substantial evidence support the Secretary's decision that plaintiff was overpaid retirement insurance benefits due to excess earnings because he rendered substantial services in a trade or business, and if so, does substantial evidence support the Secretary's decision that plaintiff is not entitled to a waiver of the adjustment or recovery of any overpayment because he was not without fault in receiving and accepting the overpayment.
 
 
 3
 A brief background sketch is necessary to understand the issues in this case. Farnham filed an application for retirement insurance benefits on March 13, 1980. The Secretary denied his application initially and upon reconsideration due to his work activity and earnings. He then requested a hearing before an Administrative Law Judge ('ALJ') who determined that Farnham was not entitled to benefits. Farnham filed a request for review of the hearing decision, which was denied by the Appeals Council. Thus the hearing decision became the final decision of the Secretary. Plaintiff was not represented by counsel during this process, and did not seek judicial review of the Secretary's final decision.
 
 
 4
 On June 29, 1981, approximately one week before Farnham received notice from the Appeals Council that the hearing report represented the Secretary's final decision, he was erroneously awarded retirement insurance benefits retroactive to March, 1980. On that date he received a lump sum check for benefits from March, 1980, through May, 1981. Thereafter he received monthly checks until January, 1982. On February 23, 1982, Farnham received a notice that he had been overpaid in the amount of $11,916.00. The Secretary later established the amount as $10,225.80. Farnham filed a request for a hearing, initiating the present procedures.
 
 
 5
 The District Court was correct in stating that it was precluded from reviewing the original decision of the ALJ denying retirement insurance benefits. Since Farnham did not seek judicial review of that decision after the Appeals Council declined to review it, the decision is deemed final and is binding on the parties. See Wilson v. Califano, 580 F.2d 208, 209 (6th Cir. 1978). Just as the District Court was not free to review the merits of the decision, so we may not either. The Secretary may reopen a prior case, Castorena v. Heckler, 575 F. Supp. 316, 318 (N.D. Cal. 1983), but has refused to do so in Farnham's case. A federal court may not review the Secretary's refusal to reopen a case absent a constitutional challenge. Gosnell v. Califano, 625 F.2d 744 (6th Cir. 1980). No constitutional issue is raised in this case. Therefore, our review is limited to the Secretary's decision embodied in the ALJ's report rendered March 1, 1983. The ALJ found that from the date of the first hearing in April, 1981, through the date the erroneous payments were stopped in February, 1982, plaintiff still had earnings in excess of what is allowed for the payment of benefits, resulting in overpayment from November, 1981, through January, 1982, in the amount of $1,690.20. The ALJ further found that Farnham was not 'without fault' under section 204(b) of the Social Security Act, 42 U.S.C. 404(b), so that the Secretary could not waive adjustment or recovery of any of the overpayment.
 
 I.
 
 6
 Substantial evidence on the record supports the ALJ's conclusion that the facts were basically unchanged since the prior hearing, dictating the same conclusion as to the later period: Farnham had continued to do business essentially as a sole proprietorship, and his company was not a bona fide corporation. The record reveals that Farnham ran a business providing engineering and sales of equipment. The business was run out of his home; his wife worked for him taking telephone orders and running errands. In 1979 Farnham incorporated the business as Applied Equipment Co. He testified that he incorporated because by then he had shifted to almost exclusively a sales business, and the profit margin was considerably smaller, so he needed the limited liability of a corporate structure. Farnham and his wife became corporate employees.
 
 
 7
 Among the new documents submitted in the current action were tax returns for the relevant years demonstrating that the Farnhams had joint taxable income of $9,509.89 and $6,413.92 in 1980 and 1981, respectively, and that the corporation had a gross profit of $19,859.12 and $27,501, respectively. In 1980, the corporation paid Mr. Farnham $3,500 and Mrs. Farnham $7,450, according to their W-2 forms. In 1981 the wages were $3,570 to Mr. Farnham and $7,280 to Mrs. Farnham. Plaintiff argues that this allocation of wages was 'corporate action and made reasonable business sense.' He contends that his wife worked 40 hours a week and earned the minimum wage for her services, while he worked only part time. He admits, however, that prior to the incorporation his wife earned no wages for her services, which were substantially the same as after the incorporation.[1] Testimony revealed that Mrs. Farnham handled telephone calls, taking orders and making appointments, and she sent out invoices and made deposits. Mr. Farnham signed all the checks and maintained contact with customers, sometimes making use of his plane to call on them.
 
 
 8
 In Rose v. Richardson, 348 F. Supp 164 (S.D. Ohio 1972), aff'd sub nom. Rose v. Weinberger, 493 F.2d 1406 (6th Cir. 1974), the court faced a very similar fact situation and held that all income derived from the plaintiff's newly-incorporated business, whether distributed or not, was 'excess earnings.' In that case, the court found it significant that the plaintiff 'was unable to produce corporate records or minutes of corporate meetings. . . . [or evidence of] Board of Director's meetings, shareholder's meetings or adopted corporate resolutions.' 348 F. Supp. at 166. Evidence of this kind is similarly lacking in this case, and it is similarly clear that Farnham 'retained control over the management of the business.' Id. at 167.[2] The District Court correctly reasoned that substantial evidence supports the ALJ's decision that Mr. Farnham was not actually retired and therefore was not entitled to old age insurance benefits for the period of April, 1981 through February, 1982.
 
 II.
 
 9
 Farnham presents a sympathetic case for waiver of recovery stating his position at the hearing as: 'Well, I have retired and I've--I understood from Roosevelt in 1936 that I was entitled to retirement . . ..' Looked at in a light most favorable to him, the situation shows that he filed a request for review of the original determination denying him benefits, and that the next official action was the mailing of the check. Under the applicable regulations, this combination of events would produce a compelling case was he also to prove detrimental reliance after receipt of the check. This he has failed to do, however, and he has the burden of so proving. Sierakowski v. Weinberger, 504 F. 2d 831 (6th Cir. 1974); Morgan v. Finch, 423 F. 2d 551 (6th Cir. 1970).
 
 
 10
 The Social Security Act provides that there shall be no adjustment or recovery in any case of an incorrect payment under title II (including old-age insurance benefits) with respect to an individual who is 'without fault' and if adjustment or recovery would either defeat the purpose of title II or be against equity and good conscience. 42 U.S.C. 404(b), 20 C.F.R. 404.506. The term 'without fault' is carefully defined in 20 C.F.R. 404.510. Plaintiff could arguably fall under section (n) of that provision. Section (n) states that an individual may be without fault if acceptance of an overpayment was due to:
 
 
 11
 [f]ailure to understand the deduction provisions of the Act or the occurrence of unusual or unavoidable circumstances the nature of which clearly shows that the individual was unaware of a violation of such deduction provisions. However, these provisions do not apply unless he made a bona fide attempt to restrict his annual earnings or otherwise comply with the deduction provisions of the Act.
 
 
 12
 Delivery of the check to Farnham after he filed a request for review, considering his attempt to comply with the deduction provisions, may constitute unusual circumstances. The ALJ noted that Farnham had made no attempt to 'seriously change the method of operation of his business' after the hearing in March of 1981, but it is not clear from the regulations that the hearing date would be the operational date. The ALJ relies on a blanket provision in the Code of Federal Regulations, however, section 404.511, that requires that to be 'without fault,' an individual must show good faith[3]. The ALJ does not distinguish between the initial check, received before the notice from the Appeals Council, and subsequent payments. As to the initial lump sum check, and until he heard from the Appeals Council that the hearing decision was final, Farnham may not have been lacking in good faith.
 
 
 13
 Nevertheless, even construing the regulations to allow that Farnham was 'without fault'[4], he still is unable to avail himself of the waiver provision of section 404.506. In addition to being without fault, he must also prove that recovery by the Administration would defeat the purpose of title II or be against equity and good conscience. Farnham has not even attempted to prove that he has been deprived of income required for ordinary and necessary living expenses, as 'the purpose of title II' is defined in section 404.508. Neither has he shown that he relinquished a valued right or changed his position for the worse in reliance on the overpayment, as required to bring him under the second exception. 20 C.F.R. 404.509. Substantial evidence on the record supports the ALJ's conclusion that Farnham does not fall under the waiver provision for the initial lump sum check.
 
 
 14
 The conclusion as to subsequent monthly payments is the same, but here the reasoning of the ALJ is correct. Farnham was not 'without fault' in continuing to accept the payments once he received notice that his request for review had been denied by the Appeals Council and that the ALJ's decision was final and binding. The District Court was correct in affirming the decision of the Secretary on the waiver issue.
 
 
 15
 For the reasons discussed above, the order of the District Court affirming the decision of the Secretary is affirmed.
 
 
 
 *
 Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In 1977, when the business was extraordinarily profitable, Mrs. Farnham did receive approximately $10,000, according to plaintiff
 
 
 [2]
 It is true that in Farnham's case his wife was in a slight majority shareholder position and that plaintiff produced evidence of the $1,000 initial paid-in capital
 
 
 [3]
 The provision also requires a high degree of care from a claimant in determining 'whether circumstances which may cause deductions from his benefits should be brought to the attention of the Administration . . ..' As this case does not involve carelessness in bringing circumstances involving deductions to the attention of the Administration, it is inapplicable.4 A final code section defines 'fault' as, inter alia, accepting a payment which a claimant 'knew or could have been expected to know' was incorrect. 20 C.F.R 404.507. By the same analysis, Farnham may argue that he reasonably thought the check was a reversal of the ALJ's adverse decision