Hilda POPKA, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–216 Erie.

United States District Court, W.D. Pennsylvania.

June 20, 1986.

Martin Singer, Pittsburgh, Pa., for plaintiff.

Judith K. Giltenboth, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an action for review of the Secretary's adverse decision on plaintiff's application for disability insurance benefits. 42 U.S.C. § 405(g). Plaintiff has satisfied all jurisdictional requirements for bringing this suit in the district court. Pursuant to our order the parties have filed cross-motions for summary judgment.

Plaintiff is 62 years old. She completed a high school education. Her relevant work history consists of her job spray painting plastic parts. Record at 30; 80. She alleges that she became disabled in November 1983 because of a back injury. Her back problem is marked by degenerative arthritis of the spine. In addition, she underwent coronary bypass surgery in November 1981. She also suffers from hypertension and diabetes mellitus.

Plaintiff was heard before an Administrative Law Judge in March 1985, who rendered a decision two months later. Among the ALJ's findings is that plaintiff

> has the residual functional capacity to perform work-related activities except for work involving lifting over 20 pounds or constant standing and walking without periods of rest (20 C.F.R. 404.1545).
>
> The claimant's past relevant work as a paint sprayer did not require the performance of work-related activities precluded by the above limitation(s) (20 C.F.R. 404.1565).

Record at 11.

Thus, while acknowledging that Ms. Popka has some impairments, the ALJ concluded that they did not prevent her from performing her past relevant work.

■ As defined by the regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. Pt. 404.1567(b).

At her administrative hearing plaintiff testified that her job required her to stand for the length of an eight-hour day. Record at 30. Every hour or two she had to refill the

five gallon paint container which fed her spray gun, lifting the container lid to do so. *Id.* She stated that the lid of the container weighed 40 pounds. The ALJ expressed skepticism at this testimony and obviously found it not credible, record at 31; a finding that plaintiff's job was light work assumes that the lifting was limited to 20 pounds. For our own part, we would have little trouble accepting the statement that industrial capacity spray equipment could include a container lid, with gauges, hoses, and an attached agitator, that weighs 40 pounds. In any event, these figures were not contradicted by other evidence in the record, nor did the ALJ describe any basis for challenging this testimony or plaintiff's credibility in general. *Cotter v. Harris,* 642 F.2d 700, 704–05 (3d Cir.1981). We find that the lifting and standing requirements of plaintiff's former job are substantially more strenuous than those described in the Secretary's classification of light work.

 The ALJ's determination that plaintiff could return to her former job thus led to a misapplication of the sequential steps used to evaluate impairments. *Wood v. Heckler,* 569 F.Supp. 470 (E.D.Pa. 1983); *Castorena v. Heckler,* 575 F.Supp. 316 (N.D.Cal.1983). The step at which the ALJ ended her review is particularly important. Decision on whether plaintiff can return to her former employment includes the decision whether the burden of proof shifts from the claimant to the Secretary. *Rossi v. Califano,* 602 F.2d 55 (3d Cir. 1979). Plaintiff is entitled to a redetermination of her claim in view of our finding that the classification of light work does not encompass her former job.