Bertha M. BITTEL, Appellant,

v.

Elliot L. RICHARDSON, Secretary of Health, Education & Welfare.

No. 19096.

United States Court of Appeals, Third Circuit.

Argued March 4, 1971.

Decided May 14, 1971.

Lawrence W. Kaplan, Kaufman & Kaufman, Pittsburgh, Pa. (Paul H. Titus, Pittsburgh, Pa., on the brief) for appellant.

David M. Curry, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief) for appellee.

Before HASTIE, Chief Judge, and ADAMS and GIBBONS, Circuit Judges.

OPINION OF THE COURT

ADAMS, Circuit Judge.

This is an action brought by Bertha Bittel pursuant to the Social Security Act, 42 U.S.C.A. § 405(g), seeking judicial review of the denial by the Secretary of Health, Education and Welfare of disability insurance claimed pursuant to 42 U.S.C.A. § 423.

On November 7, 1967, Mrs. Bittel applied to the Social Security Administration for disability insurance benefits. In her application Mrs. Bittel claimed that she had been unable to engage in gainful employment since March 16, 1967, as a result of numerous physical

disabilities. After the Bureau of Disability Insurance of the Social Security Administration denied the claims, a hearing was conducted before an examiner employed by the Bureau of Hearings and Appeals. The hearing examiner, after considering extensive testimony from Mrs. Bittel's physician, Lyle Nelson, M. D., and from a vocational expert, Eugene Hoffman, denied Mrs. Bittel's claim. Subsequent to the decision of the hearing examiner, the Appeals Council of the Social Security Administration denied Mrs. Bittel's request for a further review of her disability claims, and consequently the ruling of the hearing examiner constituted a final decision of the Department of Health, Education and Welfare. Hodgson v. Celebrezze, 312 F.2d 260, 261 n. 2 (3rd Cir. 1963); Goldman v. Folsom, 246 F.2d 776, 778 (3rd Cir. 1957).

At the hearing, Dr. Nelson testified that Mrs. Bittel was suffering from chronic cystitis, chronic pyelitis, a large fixed hiatal hernia, obesity, arthritis of both knees, hypertension, and congestive heart failure. Dr. Nelson explained that his diagnosis regarding the congestive heart failure was based exclusively on Mrs. Bittel's symptomology, which included her subjective complaints of extreme shortness of breath, weakness, and easy fatigability, and the objective symptoms of swollen ankles,[1] high blood pressure, and rapid heart rate. However, Dr. Nelson testified that after treatment, Mrs. Bittel's blood pressure and heart rate declined to normal levels.

It was the opinion of Dr. Nelson that were it not for the illness which he diagnosed as congestive heart failure, Mrs. Bittel would be physically capable of engaging in gainful employment. Dr. Nelson's conclusion was substantiated by the vocational expert, Eugene Hoffman, who testified that numerous employment opportunities existed for which Mrs. Bittel was qualified and which were not beyond her physical capacity absent the existence of congestive heart failure. Furthermore, Hoffman affirmatively testified that assuming Mrs. Bittel did in fact suffer from congestive heart failure, she would be unable to exert the energy required to perform satisfactorily in any regular employment for which she was qualified.

In reaching his conclusion that Mrs. Bittel was not disabled within the meaning of the Act, the hearing examiner completely disregarded the testimony detailing Mrs. Bittel's symptomology, because he believed such evidence was beyond the scope of inquiry. The District Court affirmed the decision of the hearing examiner, although it acknowledged that the hearing examiner's refusal to consider Mrs. Bittel's subjective complaints was an erroneous procedure. Bittel v. Finch, 313 F.Supp. 1291 (W.D. Pa.1970). The basis for the District Court's affirmance of the decision of the hearing examiner was the Court's analysis of the Act and relevant regulations promulgated by the Secretary pursuant to the Act's authorization. In the view of the District Court section 223(d) of the Act, 42 U.S.C.A. § 423(d), providing that "an individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require," read in conjunction with certain of the Secretary's regulations precluded the allowance of Bittel's claims.[2]

---

1. Dr. Nelson did not personally observe Mrs. Bittel's swollen ankles, but instead relied upon observations made by another physician. The record indicates that prior to Dr. Nelson's initial examination of Mrs. Bittel the swelling of Mrs. Bittel's ankles may have been relieved by the administration of digitalis and other remedial medical treatment.

2. 20 C.F.R. § 404.1539–4.00–B, and 20 C.F.R. § 404.1539–4.02.
   "B. Congestive heart failure is considered in the listings under one category regardless of the etiology producing the heart failure (e. g., arterlosclerotic, hypertensive, rheumatic, pulmonary, congenital, or syphilitic heart disease). Congestive heart failure is not con-

■ Accepting, however, the finding of the hearing examiner and of the District Court that Mrs. Bittel failed to establish by clinical or laboratory proof, as required by the regulation, that she was suffering from congestive heart failure,[3] we nevertheless are impelled to conclude that the hearing examiner erred in failing to consider Mrs. Bittel's symptomology.

■ The Act and the regulations[4] promulgated by the Secretary pursuant to it require a subjective determination of the claimed disability. Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof. Ber v. Celebrezze, 332 F.2d 293, 299 (2nd Cir. 1964); [5] see Robles v. Finch, 409 F.2d 84 (1st Cir. 1969); Franklin v. Secretary, 393 F.2d 640 (2nd Cir. 1968). Furthermore, it should be noted that Mrs. Bittel complained of several physical impairments other than congestive heart failure. Since the Secretary must evaluate the evidence in relation to the particular individual seeking benefits, where there are several illnesses suffered simultaneously by the claimant, the combined effect of the impairment must be considered before the Secretary denies the payment of disability benefits. Dillon v. Celebrezze, 345 F.2d 753, 755–757 (5th Cir. 1965).

■ Physical impairment is defined by the Act as that which is "demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Thus, Congress chose not to limit to laboratory techniques and evaluations the kind of evidence which may support a claim of disability, but instead adopted a broader standard encompassing all medical techniques. And as was stated in Ber v. Celebrezze, *supra*, 332 F.2d at 299: " * * * inasmuch as the applicable section of the Social Security Act requires a showing of a medically determinable physical or mental impairment, even pain unaccompanied by objectively observable symptoms which is nevertheless real to the sufferer and so intense as to be disabling will support a claim for disability benefits." Likewise the Fifth Circuit in Dillon v. Celebrezze, 345 F.2d 753, 755 (5th Cir. 1965) pointed out that subjective evidence of the claimant's pain and disability is one of the elements of proving a qualification for benefits under the Act. *Compare* Martin v. Finch, 415 F.2d 793 (5th Cir. 1969).

In Hodgson v. Celebrezze, 312 F.2d 260, 263–264 (1963), this Court made it

---

sidered to be established for the purpose of § 4.02 unless there is evidence at some point in time of signs of vascular congestion such as hepatomegaly, peripheral or plumonary edema as well as other appropriate findings."

20 C.F.R. 4.02 "Congestive heart failure (see § 4.00B) with:

A. Cardio-thoracic ratio of 55 percent or greater, or equivalent enlargement of the transverse diameter of the heart, as shown on teleroentgenogram (6 foot film); or B. Extension of the cardiac shadow (left ventricle) to the vertebral column on lateral chest roentgenogram and total of S in $V_1$ or $V_2$ and R in $V_5$ or $V_6$ of 35 mm. or more on ECG; or C. ECG showing QRS duration less than 0.12 second and R of 5 mm. or more in $V_1$ and R/S of 1.0 or more in $V_1$ and transition zone (decreasing R/S) left of $V_1$, with one of the following:

1. Enlargement of the left atrium as evidenced by a double shadow on a PA chest roentgenogram; or

2. Distortion of the barium-filled esophagus."

3. Our own review of the record indicates that the findings below on this point were correct.

4. 20 C.F.R. § 404 1502(a) requires that a determination of disability be made from "all the facts." This regulation does indicate that objective evidence of a disability should be given great weight, but clearly does not exclude consideration of objective factors.

5. The 1968 amendments to the Act do not dilute the authority of cases decided prior to 1968, because they merely "enact into the statute itself the standards previously applied by the Secretary." Pulaski v. Finch, 415 F.2d 613, 618, n. 10 (3rd Cir. 1969).

**1196**

clear that the Secretary must consider the particular individual applying for benefits.[6]  In the present case, the Secretary disregarded relevant data of Mrs. Bittel's symptomology, and thus the Secretary has ignored the command of his own regulation as well as the thrust of the Act as construed by prior judicial decisions.

Accordingly, the decision of the District Court will be reversed, and the case remanded for proceedings in accordance with this opinion.

---

6.  Since both Dr. Nelson and the vocational expert, Hoffman, were in agreement that if Mrs. Bittel's symptomology were to be considered, she was physically incapable of substantial employment, our decision in Gentile v. Finch, 423 F.2d 244 (3rd Cir. 1970) is inapplicable to the present case. *Gentile* held that if a claimant is capable of performing work, but in fact will not be hired, the claimant does not qualify for disability benefits.  Here, the issue is whether the hearing examiner should have considered Mrs. Bittel's symptomology in determining whether she was able to perform work for which she was qualified.