Vidal **TORRES**

v.

**Patricia Roberts HARRIS, Secretary of Health, Education and Welfare.**

**Civ. A. No. 79–4356.**

United States District Court,
E. D. Pennsylvania.

July 29, 1980.

---

Beverly L. Diego, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff.

Dawn M. MacPhee, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

Plaintiff filed applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423 (1976), and for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1382c (1976), on June 6, 1978. After his initial application and his request for reconsideration were denied, plaintiff had an evidentiary hearing before an administrative law judge. On June 22, 1979, the ALJ issued his findings and conclusions denying plaintiff's claim. The ALJ's determination became the final decision of the Secretary on July 27, 1979, when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action pursuant to sections 205(g) and 1631(c)(3) of the Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (1976), seeking judicial review of the Secretary's decision. Presently before me are the parties' cross-motions for summary judgment. The United States Magistrate, in his Report and Recommendation (Doc. No. 9), takes the position that plaintiff is entitled to summary judgment. I disagree. Although the ALJ did not discuss all the details of all medical reports, I do not find, as did the Magistrate, that the hearing and

decision were either prejudicial or unfair. I believe that a careful examination of the record shows that the Secretary, rather than plaintiff, is entitled to summary judgment.

■ At the outset, I note that plaintiff had the burden of proving that he was unable to engage in any substantial gainful activity. *See generally* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3) (1976). To this end, plaintiff offered a number of medical reports as well as his own testimony. The ALJ specifically found that although plaintiff suffered from a variety of ailments (lumbosacral strain, minimal spondylosis in the lumbar spine, mild obstructive lung disease, and depression), none of these impairments, either singly or in combination, was of disabling severity. Record at 13. The ALJ also rejected plaintiff's subjective complaints of severe back pain as not credible. *Id.* The only question before me is whether the finding of the ALJ that plaintiff is not disabled is supported by substantial evidence. 42 U.S.C. § 405(g) (1976). I conclude that it is.

Unlike the Magistrate, I have no difficulty with the ALJ's assessment of the medical evidence and the determination that plaintiff's medical problems do not preclude his return to some of his previous occupations. I simply do not find the medical evidence to be as compelling as the Magistrate suggests. To be sure, the physicians' reports chronicle and substantiate plaintiff's various ailments, and the ALJ so found. The ALJ concluded, however, that plaintiff's impairments were not severe enough to be disabling, and would not prevent him from performing jobs that did not require extensive walking, carrying, or lifting. Record at 12. This finding must be upheld if supported by substantial evidence.

■ In attacking the ALJ's finding, the Magistrate observes that two doctors recommended that plaintiff do no lifting. Report & Recommendation at 4. The Magistrate improperly concludes, however, that these reports, considered in light of the reports substantiating some of plaintiff's ailments, constitute substantial evidence of

disability. First, the report of Dr. Morris is somewhat ambiguous. It is not at all clear whether he did, in fact, recommend no lifting and minimal walking or whether he was merely recording plaintiff's own description of his limitations. *See* Record at 144. Second, the proscription on lifting appears in only two of the numerous medical reports that make up this record. Inconsistencies in the medical reports do not automatically necessitate reversal of the Secretary's decision as unsupported by substantial evidence. It is the Secretary's obligation to resolve any conflicts in the evidence. *Richardson v. Perales*, 402 U.S. 389, 399, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971). Therefore, even though the evidence may be susceptible of a different inference, the conclusion drawn by the Secretary must nevertheless be sustained if, on review of the entire record, it is determined that the Secretary's decision is supported by substantial evidence.

The medical evidence in this record negates the existence of either a psychological or physiological abnormality as the cause of the markedly restricted activity alleged in plaintiff's application for disability benefits. Moreover, at least two physicians commented that plaintiff's subjective complaints outweighed objective medical findings. Record at 128, 161. After reviewing all of the medical evidence, and particularly in light of the aforementioned comments, I find that there is substantial evidence in this record to support the Secretary's conclusion that plaintiff is not disabled by reason of a medically determinable impairment.

The Magistrate also recommends reversal of the Secretary's decision because the ALJ failed to consider two medical reports ostensibly corroborative of plaintiff's complaints of pain and consequently improperly discounted plaintiff's own testimony. Report & Recommendation at 4–5. I do not adopt the Magistrate's recommendation because I do not accept the grounds on which that recommendation is based.

It is undisputed that subjective complaints may provide the basis for an award of benefits even though the testimony is unsupported by objective medical data. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir. 1971). This does not mean, however, that the ALJ may not gauge the credibility and weight of the subjective testimony against the other evidence in the record, including adverse objective medical findings, diagnoses, and expert medical opinions. *See Gaultney v. Weinberger*, 505 F.2d 943, 945–46 (5th Cir. 1974) (subjective evidence does not necessarily take precedence over conflicting objective medical testimony); *Baith v. Weinberger*, 378 F.Supp. 596, 603 (E.D.Pa.1974) (subjective complaints must be evaluated in light of other evidence in record). *Bittel* does not suggest, as the Magistrate apparently does, that the Secretary must disprove plaintiff's subjective complaints. To the contrary, the burden remains with plaintiff to satisfy the factfinder that the alleged pain is real and of disabling severity. *Bittel v. Richardson, supra*, 441 F.2d at 1195; *Good v. Weinberger*, 389 F.Supp. ·350, 353 (E.D.Pa.1975). Subjective complaints, then, may establish plaintiff's entitlement to benefits provided that the ALJ does not reject plaintiff's testimony as unworthy of belief or find that the testimony, although credible, is outweighed by other evidence suggesting that plaintiff is not disabled.

Here, the ALJ acknowledged that plaintiff's most significant complaint was severe and constant back pain. The ALJ nevertheless concluded that

> the medical evidence of record and his appearance at the hearing do not substantiate these allegations and reflect doubt as to the claimant's credibility in regard to the subjective complaints offered in connection herewith.

Record at 13.

Because it is the ALJ's responsibility to resolve conflicts in the evidence and because it is his prerogative as a factfinder to determine credibility, I must accept his conclusion unless there is no legitimacy to or obvious basis in the record for his disbelief of plaintiff's testimony.

Nothing in this record counsels the rejection of the ALJ's finding with respect to plaintiff's complaints of pain. It is true, as the Magistrate points out, that plaintiff testified to his inability to cook his own meals and his difficulty in going up and down stairs. Record at 29–30. Plaintiff also stated, however, in his application for disability benefits that he visits and is visited by friends and relatives and that he gets around by bus. Record at 94. It is this evidence that the ALJ apparently credited in evaluating the degree to which plaintiff's pain limits his daily activities and in drawing an adverse inference about the alleged severity of plaintiff's pain. Record at 10, 12.

The ALJ also relied on what he observed during the course of the hearing in concluding that plaintiff did not suffer from pain of disabling severity. The ALJ noted that plaintiff

> appeared to have no difficulty in walking, sitting, or carrying out other bodily movements. Moreover, he did not appear to be in any physical distress or discomfort. His limb movement, gait, sitting and rising ability, sensory and motor mechanisms, all appeared normal. His ability to get about on a regular basis and otherwise function physically appeared generally unimpeded.

Record at 12.

It is perfectly proper for the ALJ to base his determination of credibility on his observation of plaintiff's demeanor, as long as the factors from which the adverse inference is drawn are not inconsistent with expert medical opinion. Here, the ALJ relied on the absence of observable signs that would normally be associated with severe and constant back pain in forming his opinion about plaintiff's credibility. I find no basis in the record to set that finding aside.

With respect to the medical reports cited by the Magistrate as corroborating plaintiff's subjective complaints, I concede that the ALJ gave the reports somewhat cursory treatment. Nevertheless, I do not agree that the ALJ completely ignored the con-

tent of the reports, nor do I agree that the reports render invalid the ALJ's disbelief of plaintiff's subjective complaints. Without going into great detail, I simply note that Dr. Morris and Dr. Gerber observed from range of motion studies that plaintiff's lumbar spinal movement was restricted by pain. Record at 144, 147. The ALJ did not ignore these reports, as the Magistrate suggests. Rather, the ALJ found that the probative value of the reports was outweighed by other evidence in the record. After crediting the clinical evidence of lumbosacral strain and spondylosis as well as the objective reports of tenderness and pain on range of motion studies, the ALJ concluded that "there have been no physical findings or abnormalities involving a significant degree of limitation of motion, atrophy, weakness, sensory or reflex deficits which are indicative of the presence of a disease process." Record at 11. He then reiterated, and obviously accorded considerable weight to, Dr. Mogil's comment that plaintiff's subjective complaints were not borne out by objective findings. *Id.* at 11, 161. This was entirely within the ALJ's prerogative, and it is not for this court, whose only role is to determine whether the decision is supported by substantial evidence, to reweigh the evidence or reinterpret the facts.

Finally, the Magistrate suggests that the Secretary's decision be reversed because the hearing was unfair and prejudicial. Report & Recommendation at 4–5. He bases his recommendation on the ALJ's failure to consider all of the evidence and on the absence of a vocational expert at the hearing. Neither ground justifies a remand, let alone the entry of summary judgment for plaintiff that the Magistrate recommends.

First, I have already concluded that although the ALJ did not fully discuss all of the evidence in great detail, he does not appear to have overlooked evidence that would be favorable to plaintiff. The Magistrate underscores that portion of Dr. Mogil's report wherein the doctor suggests that plaintiff undergo a psychological evaluation to ascertain his capacity for pain. Report & Recommendation at 3. I do not understand the import of the emphasis or how it can

contribute to the Magistrate's conclusion that summary judgment for plaintiff is warranted here. It is, after all, plaintiff's burden to prove his disability. He was represented by counsel throughout (and, indeed, Dr. Mogil's report was directed to plaintiff's counsel), and in view of that fact, the ALJ was not obliged to take the initiative in developing evidence that might be probative of disability.

Second, the Magistrate misinterprets the thrust of the new regulations when he cites the impact of the vocational considerations and the need for a vocational expert in urging reversal of the Secretary's determination. The regulations mandate a sequential evaluation of disability, considering in turn current work activity, severity of impairments, and vocational factors. 20 C.F.R. § 404.1503 (1980). Here, the ALJ specifically found that plaintiff's impairments did not prevent his return to some of his previous occupations. Because the ALJ concluded that plaintiff's ailments were not severe enough to rule out his ability to perform past relevant work, there was no need for the ALJ to go on to the third stage in the evaluation process where vocational factors come into play. *Id.* §§ 404.-1503, .1504.

For the foregoing reasons, I do not adopt the Magistrate's Report and Recommendation. I find no error in the ALJ's evaluation of the evidence and I conclude that the Secretary's determination that plaintiff is not disabled is supported by substantial evidence. Accordingly, I will grant the Secretary's motion for summary judgment and deny plaintiff's motion.