**Walter NICKSON,**

v.

**Richard SCHWEIKER, Secretary of Health, and Human Services.**

Civ. A. No. 81–0515.

United States District Court,
E.D. Pennsylvania.

July 13, 1983.

Jonathan Stein, Community Legal Services, Philadelphia, Pa., for plaintiff.

Serena Dobson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff Walter Nickson brought this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3), to obtain review of the final decision of the Secretary of Health and Human Services, denying in part his claim for disability insurance benefits. After cross motions for summary judgment were filed, I referred the matter to the Honorable William F. Hall, United States Magistrate. Magistrate Hall filed a report recommending that the motions be denied and that the matter be remanded to the Secretary for further administrative proceedings. I approved and adopted Magistrate Hall's report and recommendation.

On remand, the Administrative Law Judge ("ALJ") received additional evidence at a hearing attended by plaintiff and his attorney. Upon consideration of the entire administrative record, the ALJ recommended that plaintiff be awarded supplemental security income disability benefits as of April 11, 1982 but that he be denied disability benefits for the period preceding that date.

Nickson appealed the ALJ's decision, and the Appeals Council adopted the ALJ's findings of fact and conclusions of law. Nickson then sought judicial review of this final decision of the Secretary. Presently before me are plaintiff's motions for leave to amend his complaint, for class certification, and for leave to join additional defendants.

Nickson is a fifty-three year old man with a fourth grade education who has worked as a maintenance man, security guard, and truck driver. On October 19, 1979, he filed for disability benefits, alleging high blood pressure and a herniated disc. After the Secretary denied his request for social security benefits, plaintiff filed a complaint in this court to review the Secretary's decision. In his complaint, plaintiff asserts that the Secretary failed to give proper consideration to his testimony of pain, objective medical evidence of his degenerative joint disease, and the medical findings and conclusions of his attending physician.

Primarily, plaintiff seeks to amend his complaint so that it sets forth allegations which will permit this case to proceed as a class action challenging certain regulations

of the Social Security Administration. In the memorandum of law in support of the motion to amend plaintiff states:

> The United States Court of Appeals for the Third Circuit has ruled definitively, that credible subjective symptoms, including pain, though not fully confirmed by objective evidence, can nonetheless constitute a medically determinable impairment within the meaning of the Social Security Act and, therefore, constitute grounds for disability, *e.g., Smith v. Califano,* 637 F.2d 968 (3d Cir.1981); *Baerga v. Richardson,* 500 F.2d 309 (3d Cir.1974); *Bittel v. Richardson,* 441 F.2d 1193 (3d Cir.1971). Nevertheless, the Social Security Administration's regulations, at 20 C.F.R. § 404.1529 and § 416.919, specifically require that any complaint of pain or other symptom must be confirmed by objective medical evidence. The case of Walter Nickson, where the Appeals Council held, in its most recent decision, that his testimony as to pain was rejected because it allegedly was not supported by objective medical evidence, is typical of the Social Security Administration's defiance of the Third Circuit decisions, as cited above.

Memorandum of Law in Support of Motion to Amend Complaint and to Join Additional Defendants, at 1–2.

The Secretary opposes the motion to amend, citing plaintiff's undue delay in seeking the amendment, the futility of permitting the amendment because of plaintiff's alleged lack of standing to challenge the regulations, and jurisdictional and practical impediments to the certification of the class. Because I conclude that permitting the amendment would be a futile gesture, I will deny plaintiff's motions.

Plaintiff asserts that the Secretary routinely denies benefits to claimants who are unable to produce objective medical evidence supporting their subjective claims of disabling pain. The administrative record before the court clearly demonstrates, however, that the ALJ did not apply the challenged regulations to Mr. Nickson; rather he concluded that, prior to April 11, 1982, plaintiff's impairments—high blood pressure and a herniated disc—were not disabling within the meaning of the Act.[1] The record discloses that, *inter alia,* the ALJ made the following findings of fact.

3. The claimant's testimony regarding pain so severe that he has been unable to perform any type of work of even a light or sedentary nature, is not credible based on the type of medical treatment he has had, the recommendation of the physicians who have examined him who have felt that he could do lighter types of work and a determination of his credibility as a witness.

4. The claimant had, prior to April 11, 1982, the residual functional capacity to perform work-related functions, except for work involving heavy lifting or other significantly exertional activity.

Administrative Record, at 131.

There is no evidence of record that the ALJ applied the challenged regulations to Mr. Nickson and, consequently, denied benefits to him for the period preceding April 11, 1982 notwithstanding credible evidence of disabling pain. The Appeals Council adopted the findings and conclusions of the ALJ. The Appeals Council's decision is the final decision of the Secretary in regard to the claim of Mr. Nickson. Since the regulations were not applied to him, plaintiff's claims are not typical of those of the class. Under the circumstances, Mr. Nickson can not be a member of the class that he seeks to represent. Fed.R.Civ.P. 23(a). Thus, permitting the amendment would be a futile gesture. Accordingly, the motion to amend the complaint and the motions dependent thereon, i.e., to certify a class and add additional defendants, will be denied.

---

1. The ALJ also found that, as of April 11, 1982, plaintiff's impairments—an enlarged heart, reported chest pain, and chronic obstructive pulmonary disease—were disabling within the meaning of the Act.