Leon VEAL

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 84–5969.

United States District Court, E.D. Pennsylvania.

June 25, 1985.

Eric J. Fischer, Philadelphia, Pa., for plaintiff.

Edward Dennis, U.S. Atty., Catherine Votaw, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Presently before this court are the parties' cross motions for summary judgment. The issue presented is whether the decision of the Administrative Law Judge, ("ALJ") denying plaintiff Supplemental Security Income ("SSI") benefits is supported by substantial evidence. For reasons demonstrated below, I conclude that it is not and therefore this action will be remanded to the agency for proceedings consistent herewith.

Plaintiff Leon Veal was born in 1926. He has a sixth grade education, limited reading and writing skills, and a work history consisting exclusively of heavy unskilled labor. Plaintiff claims disability as of July, 1982. His claimed impairments are degenerative arthritis of the right hip with

concomitant pain, alcoholism, dependent personality disorder and diabetes.

Veal filed an application for SSI benefits in June of 1983. His application was denied initially and on reconsideration by the Secretary of Health and Human Services ("Secretary"). Plaintiff's case was then considered *de novo* by an ALJ before whom Veal appeared represented by counsel.

In a decision dated July 6, 1984, the ALJ determined that plaintiff was not disabled under the Social Security Act, 42 U.S.C. §§ 301–1396 (1982) ("Act") and therefore not entitled to SSI benefits. Subsequently, the Appeals Council denied plaintiff's request for review thereby rendering the ALJ's decision the final decision of the Secretary. This action ensued.

By statute, this court's review of the Secretary's action in this case is limited to the question of whether her decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Substantial evidence is more than a mere scintilla, but may be somewhat less than a preponderance. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979).

■ As noted previously, plaintiff's claimed impairments include degenerative arthritis of the right hip with accompanying pain, alcoholism, dependent personality disorder and diabetes. The ALJ found, however, that plaintiff's only impairment is "controllable diabetes mellitus." Tr. 16. While he did discuss the severity of plaintiff's other claimed impairments, the ALJ nevertheless failed to find that plaintiff in fact has any of the other claimed impair-

ments. *Id.* This Finding is not supported by substantial evidence.[1] There is, however, substantial evidence to the contrary.

■ The record is replete with references to, evaluations of, and discussions about plaintiff's other claimed impairments. *See*, *e.g.* Tr. 13–15. Indeed, the ALJ in the Evaluation of the Evidence section of his decision devotes three pages of analysis to the severity of plaintiff's other claimed impairments. *See id.* He concludes his analysis with regard to plaintiff's claimed impairment due to alcohol abuse by stating: "claimant has no *severe* impairment due to alcohol addiction." Tr. 15 (emphasis added). Similarly, he concludes with regard to plaintiff's claimed dependent personality disorder impairment: "claimant has no *severe* mental impairment." *Id.* (emphasis added). In spite of this discussion, the ALJ failed to list in his Findings either alcohol abuse or dependent personality disorder as *impairments at all*. This omission is critical because in making a disability determination an ALJ must consider all of the claimant's impairments not just those he finds severe. There is evidence of record to support a finding of impairments due, *inter alia*, to alcohol abuse and dependent personality disorder for Mr. Veal.

■ "Physical impairment is defined by the Act as that which is 'demonstrable by medically acceptable clinical and laboratory diagnostic techniques.'" *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir.1971). The same criteria is used for defining a mental impairment. *See* 20 C.F.R. § 404.-1508 (1984).

Plaintiff herein has been diagnosed as an alcohol habituate suffering from a dependent personality disorder. *See* tr. .170–71. The Secretary has not challenged the diagnosis as not done in accordance with medically acceptable clinical and laboratory di-

---

1. Also unsupported by substantial evidence is the ALJ's finding that plaintiff's testimony regarding pain in his right hip was "not credible". Tr. 16. This finding was improperly based on the ALJ's application of the "roundly condemned 'sit and squirm' method" of evaluating plaintiff's claim of hip pain, *Van Horn v.*

*Schweiker*, 717 F.2d 871, 874 (3d Cir.1983), (*compare id.* at 874 n. 3 *with* tr. 15), rather than employing the appropriate standard for evaluating a claimant's subjective complaints of pain under the Act. *See Green v. Schweiker*, 749 F.2d 1066, 1068–70 (1984).

agnostic techniques. Thus, the record reveals that plaintiff does in fact have the above mentioned impairments.

The record also discloses that plaintiff has been diagnosed as suffering from minimal degenerative changes of the hip joints in the form of spurs with small soft tissue calcification in the right hip joint. *See* tr. 153. Once again the Secretary has not challenged the diagnosis as not performed in accordance with medically acceptable clinical and laboratory techniques.

Thus, there is substantial evidence of the existence of plaintiff's claimed impairments due to degenerative changes and calcification in his hip, due to alcoholism, and due to a dependent personality disorder. As impairments the Secretary was bound under the Act to consider their "combined effect" on plaintiff "without regard to whether any such impairment, if considered separately would be of such severity [as to find the claimant disabled]."[2] Social Security Disability Reform Act of 1984, Pub.L. No. 98–460, § 4(a)(1), 98 Stat. 1794, 1800 (to be codified at 42 U.S.C. § 423(d)(2)(C)). *See also McShea v. Schweiker,* 700 F.2d 117, 119 (3d Cir.1983) (Secretary must consider claimants "alcoholism standing alone, or *in conjunction with other impairments*") (emphasis added); *Bittel v. Richardson,* 441 F.2d 1193, 1195 (3d Cir.1971) (where claimant suffers several illnesses simultaneously "combined effect" of impairments must be considered). Accordingly, this case will be remanded to the Secretary for consideration of the cumulative effect of plaintiff's impairments due to alcohol abuse, degenerative joint disease, dependent personality disorder, and diabetes, *see Green v. Schweiker,* 749 F.2d 1066, 1068 (3d Cir. 1984), and for evaluation of plaintiff's complaints of pain in accordance with *Green v. Schweiker,* 749 F.2d at 1070.

**2.** I make no ruling on the severity of plaintiff's impairments in singular or in combination. However, it is to be noted that the ALJ made his original severity determination with regard to at least one of the claimant's impairments based on "limited evidence." Tr. 15. The continued vitality of such a determination is doubtful in light of the Secretary's duty to secure the evidence necessary to make a proper disability determination in SSI cases. *See Ferguson v. Schweiker,* 765 F.2d 31, 37 (3d Cir.1985).