**Julie LYONS**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

No. 83–0727.

United States District Court, E.D. Pennsylvania.

June 12, 1986.

Sharon Ferrucci, Washington, D.C., for plaintiff.

---

## ORDER

JAMES McGIRR KELLY, District Judge.

AND NOW, this 12th day of June, 1986, after careful and independent consideration of the cross-motions for summary judgment, and after review of the Report and Recommendation of the United States Magistrate, and the objections filed thereto (which were conclusionary in nature and unsupported by argument), it is OR-DERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The plaintiff's motion for summary judgment is DENIED.

3. The defendant Secretary's motion for summary judgment is GRANTED.

4. The final decision of the defendant Secretary denying the plaintiff's claim for disability insurance benefits under Title II of the Act is AFFIRMED.

## REPORT—RECOMMENDATION

### January 30, 1986

EDWIN E. NAYTHONS, United States Magistrate.

Plaintiff, Julie Lyons, has brought this action under 42 U.S.C. § 405(g) to review the Secretary's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act ("Act").

Plaintiff filed an application for disability insurance benefits on April 13, 1981 (Tr. 63). The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration. (Tr. 67–70). The case was considered *de novo* by an Administrative Law Judge ("ALJ") before whom plaintiff appeared represented by counsel. In a decision dated July 7, 1982, the ALJ determined that plaintiff's impairments were not severe as defined by the Act and was therefore not disabled for purposes of the Act (Tr. 20). Thereafter, the Appeals Council, after considering additional evidence, denied plaintiff's request for review so that the ALJ's decision denying benefits became final on December 7, 1982 (Tr. 4–5).

The plaintiff then requested judicial review in this Court and the matter was referred to this United States Magistrate. In a Report and Recommendation filed November 30, 1983, I agreed with the ALJ that the record did not demonstrate the existence of a severe back impairment for purposes of the Act. I also indicated that the record failed to indicate the existence of an orthopedic impairment which satisfies the requirements of section 1.03 of the Listing of Impairments of Appendix 1 of the Secretary's regulations. However, I found that the evidence concerning plaintiff's allegations of pain had not been properly weighed and that the Secretary had the burden of making specific findings, and otherwise proving a factual basis, concerning the credibility of plaintiff's complaints. Accordingly, I recommended that the case be remanded to the Secretary for reconsideration of plaintiff's subjective complaints

of pain and for consideration of the effect of pain combined with degenerative joint disease and obesity. By Order dated December 15, 1983 Judge Kelly approved and adopted the Report and Recommendation, thereby remanding the matter to the Secretary. The Appeals Council, in turn, vacated the prior hearing decision and remanded the case to the hearing level for appropriate action.

In accordance with the Appeals Council's remand, the ALJ received additional medical evidence into the record. A supplemental hearing was also held on November 28, 1984, where plaintiff personally appeared and testified, accompanied by an attorney. (Tr. 181–235). In a decision dated February 26, 1985 the ALJ determined that the plaintiff was not entitled to disability insurance benefits as she retained the ability to perform substantial gainful activity during all relevant times (Tr. 165). The Appeals Council affirmed and modified the decision of the ALJ in a decision dated July 15, 1985, thereby making the ALJ's decision the final decision of the Secretary (Tr. 133–134).

The Court presently has before it the parties' cross-motions for summary judgment. After careful consideration of the issues raised by plaintiff, and after review of the administrative record in this matter, it is the conclusion of this United States Magistrate that the ALJ's decision denying benefits is supported by substantial evidence. It is therefore recommended that the Secretary's motion for summary judgment be granted and that the final decision of the Secretary denying plaintiff's claims for disability insurance benefits be affirmed.

## FACTUAL BACKGROUND

Plaintiff was born on March 1, 1925 (Tr. 37). She received a high school education, and has work experience as a saleswoman in clothing stores (Tr. 90)1. This work involved constant standing and walking with frequent lifting of coats and boxes of merchandise (Tr. 90). Plaintiff fell at work in 1979, and since that time has complained of excruciating pain throughout her body (Tr. 43, 45, 51). In her application for disability insurance benefits, plaintiff alleges that her disability commenced December 23, 1980 due to the residuals of a back injury, degenerative joint disease, and severe pain (Tr. 12).

The Appeals Council in its July 15, 1985 decision adopted the ALJ's findings numbered one through 6 as follows:

1. The claimant met the disability insured status requirements of the Act on December 23, 1980, the date the claimant stated she became unable to work, and continued to meet them through March 1984.

2. The claimant did not engage in substantial gainful activity between December 1980 and October 1983.

3. The medical evidence establishes that the claimant has severe musculoskeletal pain; and degenerative joint disease and obesity which are not severe, even considered in combination, but which impose additional functional limitations upon her.

4. Based upon re-evaluation of the objective medical findings and consideration of recently-submitted medical evidence, the Administrative Law Judge concludes that the claimant experiences pain and other subjective symptoms of a frequency, severity, and duration which significantly limits her ability to do basic work activities and thus constitutes a severe impairment. However, considering the many discrepancies in her testimony, her evasiveness, the concealment of material facts adverse to her claim, and her physical appearance and demeanor at the hearing, the undersigned concludes that her credibility in general is very low, allowing little reliance to be given to her statements to the effect that pain and subjective symptoms persisted at a disabling level at all times relevant hereto.

5. The medical evidence of record does not establish that the claimant's impairments have specific clinical findings that are the same as those for, or equivalent

to those of, the Listing of impairments in Appendix 1 (20 CFR 404.1525).

6. The claimant has the residual functional capacity to perform substantially all the exertional and nonexertional requirements of light work (20 CFR 404.-1545).

(Tr. 164–165).

and modified the remaining findings as follows:

7. The claimant's past relevant work as a clothing sales clerk required no more than light exertion.

8. Since her alleged onset date the claimant's impairments have not prevented the performance of her past relevant work. Moreover, since October 1983 the claimant has actually performed her past relevant work as a clothing sales clerk.

9. The claimant was not under a "disability" as defined in the Social Security Act at any time through the date of this decision.

(Tr. 134).

## DISCUSSION

This Court's function upon review of the Secretary's decision is limited to determining whether her decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cotter v. Harris,* 642 F.2d 700, 704 (3rd Cir.1981); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3rd Cir.1979).

It is a well accepted principle in this Circuit that the "process employed to determine whether a plaintiff is entitled to benefits involves shifting burdens of proof." *Olsen v. Schweiker,* 703 F.2d 751, 753 (3rd Cir.1983). The claimant bears the initial burden of proving that he or she is disabled. The claimant satisfies this burden by showing that he or she cannot return to his or her customary occupation. *Baker v. Gardner,* 362 F.2d 864 (3rd Cir. 1966). Once this burden is met, the burden shifts to the Secretary, who must prove that the claimant can still engage in substantial gainful activity. The Secretary satisfies this burden by showing that the claimant, given his or her age, education, and work experience, has the capacity to perform specific jobs that exist in the national economy. *Rossi v. Califano,* 602 F.2d 55, 57 (3rd Cir.1979). Under the Act, it is the claimant's burden to prove inability to return to her past employment. *Ferguson v. Schweiker,* 765 F.2d 31, 36 (3rd Cir.1985).

■ The ALJ in this case found that plaintiff's medical impairments are severe musculoskeletal pain, and non-severe degenerative joint disease and obesity (Tr. 164). The ALJ determined, however, that these impairments considered singly and in combination did not prevent the plaintiff from performing her past relevant work as a sales clerk (Tr. 165). In accordance with this Court's prior Report and Recommendation remanding this case, the Secretary carefully reviewed the evidence pertaining to the plaintiff's musculoskeletal pain. The record substantially supports the Secretary's finding that the plaintiff, although she unquestionably suffers from pain, retained the residual functional capacity to engage in substantial gainful activity as a sales clerk at all times under consideration.

The plaintiff complained of pain of disabling severity in her lower back and to a second degree in her ankles and calves and throughout other parts of her body (Tr. 43, 45, 51). She complained that since her 1979 accident her pain has worsened, despite treatment with exercise, painkillers, and a diet to lose excess weight (Tr. 48, 52, 53, 55, 192, 229–230). She alleged that her pain disrupts her sleep (Tr. 57, 184), and that when she stands for too long a period, her ankles swell and she has pain in her lower back and legs (Tr. 190, 228). She claimed similar problems if she sits for more than 20 or 30 minutes (Tr. 191).

As pointed out by the ALJ in his opinion (Tr. 154–157), the plaintiff was not very open and sincere in her testimony at the supplemental hearing concerning her resid-

ual functional capacity and the effect of her pain on her ability to perform various work activities. The ALJ noted that plaintiff testified that although she suffers from pain, she is capable of maintaining her home such as dusting, making the bed and straightening the house (Tr. 186). She further testified that she is able to go shopping on a weekly basis (Tr. 189). She attempted to underscore the minimal level of activity by commenting that what she can do "isn't too much." (Tr. 186).

Towards the end of the supplemental hearing, on direct questioning by the ALJ, the plaintiff admitted having looked for work from February 1983 onward. The plaintiff admitted that she obtained a job as a sales clerk of ladies clothing in the latter part of 1983, that she worked from October 1983 through about June 1984, that she then took off six or seven weeks, and that she then returned to the same job and was working as of the date of the hearing. Throughout this period, she has worked three days weekly, seven hours per day, earning $3.35 an hour. In addition, she conceded that she also receives commissions amounting to 5 percent of sales, which average $40.00 to $50.00 weekly. In her job she carries clothing, including winter coats, to and from racks and helps customers try on these garments (Tr. 212–214).[1]

In addition to working from October 1983 to the time of the hearing on October 28, 1984, plaintiff applied for and collected unemployment in 1981 which required her to sign a card indicating that she was ready, able, and willing to work (Tr. 224). She attended a computer school full-time, five days a week, for 3 ½ months in the fall of 1981 until her husband told her he needed her at home (Tr. 224–225); at which time she stayed home to take care of her husband until he died in December of 1982 (Tr. 226).

The fact that a person cannot work without some pain does not in itself establish disability. In determining that plaintiff's pain and other impairments did not prevent her from performing her past relevant work, the ALJ found that plaintiff's subjective complaints of pain were not credible. Although such complaints must be seriously considered, *Green v. Schweiker*, 749 F.2d 1066 (3rd Cir.1984), they are not conclusive, and may be rejected if they are "grossly disproportionate to the medical findings." *Sheridan v. Schweiker*, C.A. No. 82–0269, slip op. at 11 (E.D.Pa. Nov. 6, 1985). The Third Circuit only holds that complaints of pain must be given serious consideration. *Smith v. Califano*, 637 F.2d 968 (3rd Cir.1981); *Bittel v. Richardson*, 441 F.2d 1193 (3rd Cir.1971). Rather, the degree of a claimant's pain must be so severe and continuous as to render the claimant incapable of performing any occupation suitable to the claimant's age, education, work experience and residual functional capacity. *Murphy v. Schweiker*, 524 F.Supp. 228, 232 (E.D.Pa. 1981). *See* 20 C.F.R. § 404.1529. The burden is on the claimant to satisfy the factfinder that the pain is real and of disabling severity. *Torres v. Harris*, 494 F.Supp. 297 (E.D.Pa.1980), *aff'd* 659 F.2d 1071 (3rd Cir.1981); *Bittel, supra* at 1195.

Where subjective symptoms such as pain or discomfort are involved, the possibility of fabrication or exaggeration by the claimant cannot be overlooked. *See Baith v. Weinberger*, 378 F.Supp. 596 (E.D.Pa.1974). The ALJ had to "gauge the credibility and weight of the subjective testimony against the other evidence in the record, including adverse objective medical findings, diagnoses, and expert medical opinions." *Torres v. Harris, supra* at 300. The ALJ may reject the claimant's unsupported assertions of disabling pain if he finds them to be not credible, *Farmer v. Weinberger*, 368 F.Supp. 1 (E.D.Pa.1973), and if the reasons therefore affirmatively appear in the administrative record. *Baerga v. Richardson*, 500 F.2d 309 (3rd Cir.1974); *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43

---

1. When questioned by the ALJ concerning her finances, the plaintiff ignored completely the fact that she was earning money from employment (Tr. 194–196).

L.Ed.2d 403 (1975), *Saldana v. Weinberger*, 421 F.Supp. 1127 (E.D.Pa.1976).

We must be ever mindful that it is the ALJ's responsibility to resolve conflicts in the evidence and to determine credibility and the relative weights to be given evidence. *Richardson v. Perales, supra* 402 U.S. at 399, 91 S.Ct. at 1420 (1971). The ALJ's conclusions must be accepted unless they are without basis in the record; *Torres v. Harris, supra,* and inasmuch as he has had the opportunity to observe demeanor and determine credibility, his judgment on these matters should be given great weight. *Davis v. Califano,* 439 F.Supp. 94, 98 (E.D.Pa.1977).

The ALJ based his decision that plaintiff's pain was not disabling and that her other impairments did not prevent her from performing her past work as a sales clerk not only on her own testimony at the hearing concerning her daily activities and her lack of complete candor, but on the medical evidence presented by the plaintiff. (Tr. 157–160). Although plaintiff presented medical evidence as to a condition which could produce pain including reports of moderately advanced degenerative changes of the lumbar spine and degenerative joint disease of the cervical spine, (Tr. 103–107, 119, 121–122, 191–192, 247–280), and that these degenerative changes result in pain as evidence in the December 4, 1984 thermogram which suggested marked L–3 and L–4 nerve root irritation (Tr. 282), there was also objective medical evidence indicating that plaintiff's pain was not as severe as alleged (Tr. 106–110, 110–124, 128–129, 159, 278–279).[2]

After a thorough review of the ALJ's opinion and the medical evidence of record, it appears that the plaintiff's own testimony as to her daily activities is inconsistent with her complaints of disabling pain, and therefore the Administrative Law Judge properly found her testimony not to be credible. Thus, the Administrative Law Judge fulfilled his duty under *Brittingham v. Weinberger,* 408 F.Supp. 606, at 613 (E.D.Pa.1976) which requires an ALJ to make specific findings concerning the credibility of a plaintiff's complaints of pain, where there is medical evidence substantiating the complaints. The issue of pain is affirmatively addressed in the ALJ's decision, his reasons for rejecting it are amply set forth, and his conclusion is supported by substantial evidence.

If a claimant performs work during any period in which she alleges that she was disabled, the work performed may demonstrate that she is able to engage in substantial gainful activity. 20 C.F.R. § 404.1571 provides that:

> The work that you have done during any period in which you believe you are disabled may show that you are able to do work at the substantial gainful activity level. If you are able to engage in substantial gainful activity, we will find that you are not disabled. (We explain the rules for persons who are statutorily blind in § 404.1584. Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did. We will consider all of the medical and vocational evidence in your file to decide whether or not you have the ability to engage in substantial gainful activity.

The general and common sense rule is that the Secretary can consider work done by the claimant after the alleged onset of disability as tending to show that the claimant was not then disabled. *Sigmon v. Califano,* 617 F.2d 41 (4th Cir.1980); *Goldstein v. Harris,* 517 F.Supp. 1314 (S.D.N.Y.1981). The ALJ properly concluded that plaintiff's employment from October 1983 to the time of the hearing constituted substantial gain-

2. It is not without some interest to note that Dr. Michael Cooperman's letter of July 16, 1984 addressed to plaintiff's counsel, which is not accompanied by any medical reports, and which states that plaintiff is unable to work at the present time because of inability to sit or stand for long periods of time, was prepared at a time when plaintiff was performing substantial gainful activity. Additionally, the letter states that plaintiff requires physical therapy but plaintiff did not testify as to either the need for therapy or that she was undergoing therapy.

ful activity as defined in 20 C.F.R. § 404.-1571–1574 and that plaintiff was not disabled during this period. The ALJ, furthermore, did not err in using plaintiff's work activity during this period and her prior attendance at computer school together with the care of her dying husband concluding that plaintiff's allegations of severe pain was not credible and that she was not disabled during the time from the date of her alleged onset of disability and the time she resumed work in October of 1983.

■ Plaintiff's counsel contends that regulation 20 C.F.R. § 404.1563(d) is fully applicable to plaintiff's case and mandates a finding of disabled. The regulation provides:

(d) Person of advanced age. We consider that advanced age (55 or over) is the point where age significantly affects a person's ability to do substantial gainful activity. If you are severely impaired and of advanced age and you cannot do medium work (see § 404.1567(c)), you may not be able to work unless you have skills that can be used in (transferred to) less demanding jobs which exist in significant numbers in the national economy. If you are close to retirement age (60–64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable.

However, in this case the ALJ found that plaintiff was not disabled based on step four of the five-step process of 20 C.F.R. § 404.1520 as he determined that at all relevant times, plaintiff retained the ability to return to her past work as a sales clerk. Since it was found that plaintiff could perform the work which she had performed in the past, there was no need to determine whether there existed other jobs which plaintiff could perform. Section 404.-1563(d) therefore is not applicable in this case. *See* specifically 20 C.F.R. § 404.-1560(b)(3) and 1561.

Plaintiff's counsel also contends that plaintiff's testimony of severe, unrelenting pain and inability to stand, walk, or sit for any length of time without pain was sup-ported by both treating and consulting medical sources and shows that the ALJ's conclusion that plaintiff can perform light work is clearly unreasonable. Although there is medical evidence that plaintiff's degenerative changes produce pain, the plaintiff's own testimony concerning her physical activities demonstrates that the pain was not as severe as alleged and that she was capable of performing her past work as a sales clerk. The medical evidence presented by plaintiff, although establishing a condition that could produce pain, does not demonstrate that the pain is of a severity alleged by the plaintiff and that it prevents plaintiff from performing work as a sales clerk.

Counsel contends that the plaintiff's return to work three days a week "was a direct result of financial difficulty, which could have been alleviated had the Secretary properly ruled on plaintiff's claims at the first administrative hearing in April, 1982." The Secretary, as well as this court, although sympathetic to her situation, is unconcerned with the reasons why she returned to work. The important fact is that plaintiff was physically capable of returning to substantial gainful employment. It is easy to picture a great number of able-bodied individuals deciding not to work if it were not financially necessary for them to do so.

Plaintiff has failed to meet her burden of proof that she suffers from such severe pain that she was prevented from working as a sales clerk during all relevant times. The ALJ's conclusion that plaintiff's pain combined with degenerative joint disease and obesity did not prevent her from performing substantial gainful activity is also supported by substantial evidence. Plaintiff has therefore failed to satisfy her initial burden that she was prevented from returning to her past work prior to her eventual return to work in October of 1983. It is therefore concluded that the Secretary's final decision that the plaintiff is not disabled is supported by substantial evidence and must be affirmed.

Accordingly, this United States Magistrate makes the following:

## RECOMMENDATION

NOW, this 31st day of January, 1986, IT IS RESPECTFULLY RECOMMENDED that the plaintiff's motion for summary judgment be Denied and the defendant Secretary's motion for summary judgment be Granted. IT IS FURTHER RECOMMENDED that the final decision of the defendant Secretary denying the plaintiff's claim for disability insurance benefits under Title II of the Social Security Act be Affirmed.